[No. AO17474. First Dist., Div. Four. Sept. 13, 1983.]

TEDA KATHLEEN BOYLL, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD et al., Defendants and Respondents.

**COUNSEL**

Power, Hagler & Nelson and Thomas M. Hagler for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, and Talmadge R. Jones, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**CALDECOTT, P. J.**—Plaintiff Teda Kathleen Boyll appeals from a judgment of dismissal entered after demurrer to complaint was sustained without leave to amend.

The relevant facts as appear in the complaint and matters judicially noticed are as follows.

On May 7, 1969, appellant was charged with two felonies, violations of Health and Safety Code sections 11501 (count I) and 11531 (count II), (sale of narcotics and marijuana, respectively).

On July 11, 1969, appellant entered a guilty plea to the offense of sale of marijuana (Health & Saf. Code, § 11531; count II) which constituted a felony and was punishable at that time with state prison for five years to life.[1] In return count I was dismissed in the interest of justice. A judgment of conviction was not entered.

On August 1, 1969, the probation reports indicated that appellant was a narcotics addict, or in imminent danger of becoming a narcotics addict. The court therefore suspended criminal proceedings and ordered the district attorney to file appropriate narcotic commitment procedures pursuant to Welfare and Institutions Code section 3051.

On August 11, 1969, appellant was committed to the custody of the Director of the Department of Corrections for confinement as a patient at the California Rehabilitation Center, Patton, California, until such time as she was discharged.

On May 1, 1972, the court found that appellant had complied with the narcotics rehabilitation program, discharged her from that program, and dismissed the criminal charge pursuant to Welfare and Institutions Code section 3200.

For the period of 1970 through 1974, appellant was employed by the San Bernardino Police Department in the capacity of a consultant. From 1975 until the filing of the complaint appellant has been continuously employed by the Department of Corrections as civil service assistant, parole service assistant and office technician.

On November 30, 1976, appellant filed an application for executive clemency. On April 17, 1981, the Governor of California granted appellant a full and unconditional pardon for the offense set forth above.[2]

Following the pardon appellant applied for the position of a correctional officer with the State Personnel Board, passed the written examination, competed in an oral interview, but was later advised that she was not qualified for the position by reason of her prior felony conviction.

Thereupon, on October 9, 1981, appellant filed a complaint against several state agencies including the California State Personnel Board and Cal-

---

[1] The now existing statute, Health and Safety Code section 11360, punishes the sale of marijuana with state prison for two, three, or four years.

[2] We note that although appellant received a pardon she had not been convicted or sentenced.

ifornia Department of Corrections (hereafter: respondents), seeking declaratory and injunctive relief. On November 17, 1981, respondents demurred to the complaint, contending inter alia that appellant had been convicted of a felony and that as a consequence she was as a matter of law ineligible for the position of a peace officer under Government Code[3] section 1029. The trial court sustained the demurrer without leave to amend on the ground stated by respondents and subsequent thereto a judgment was entered dismissing the action. The present appeal followed.

On appeal, appellant challenges the trial court's ruling on several bases. She contends that the judgment below should be reversed because (1) she was not "convicted" within the meaning of section 1029; (2) the disability arising under section 1029 was removed by dismissal of the charges against her and the ensuing gubernatorial pardon; and (3) section 1029 is unconstitutional on its face as well as it applies to the present case. ■ We conclude appellant is correct in stating that since no judgment or sentence was ever entered in the case and since the charge against her was dismissed without a prior imposition of sentence pursuant to Welfare and Institutions Code section 3200, she was not "convicted" within the meaning of section 1029, and that as a consequence the judgment of the trial court cannot stand.

Section 1029 provides in relevant part that: "(a) Except as provided in subdivision (b), any person who has been *convicted* of a felony in this state or any other state, or who has been convicted of any offense in any other state which would have been a felony if committed in this state, is disqualified from holding office or being employed as a peace officer of the state, county, city, city and county or other political subdivision, whether with or without compensation, and is disqualified from any office or employment by the state, county, city, city and county or other political subdivision, whether with or without compensation, which confers upon the holder or employee the powers and duties of a peace officer." (Italics added.)

■ As appears in the case law, the terms "convicted" or "conviction" do not have a uniform or unambiguous meaning in California. Sometimes they are used in a narrow sense signifying a verdict or guilty plea, some other times they are given a broader scope so as to include both the jury verdict (or guilty plea) *and* the judgment pronounced thereon. (Cf. *People* v. *Ward* (1901) 134 Cal. 301 [66 P. 372]; *People* v. *Clapp* (1944) 67 Cal.App.2d 197 [153 P.2d 758], with *People* v. *Treadwell* (1885) 66 Cal. 400 [5 P. 686]; *Truchon* v. *Toomey* (1953) 116 Cal.App.2d 736 [254 P.2d 638, 36 A.L.R.2d 1230]; *Helena Rubenstein Internat.* v. *Younger* (1977)

---

[3]Unless otherwise indicated all further references will be made to the Government Code.

71 Cal.App.3d 406 [139 Cal.Rptr. 473].) ▮▮▮ However, where, as in the instant case, a civil disability flows as a consequence of the conviction, the majority and better rule is that "conviction" must include both the guilty verdict (or guilty plea) *and* a judgment entered upon such verdict or plea.

The cases in point are *Truchon v. Toomey, supra,* 116 Cal.App.2d 736, and *Helena Rubenstein Internat. v. Younger, supra,* 71 Cal.App.3d 406. In *Truchon* the petitioner, like appellant in the case at bench, pleaded guilty to a felony. Thereafter, without imposition of a sentence he was released on probation and following a successful completion of probation the cause was dismissed against him and his record was expunged under Penal Code section 1203.4. The issue was whether petitioner was eligible to vote in light of the constitutional provision which barred convicted persons from exercising their voting rights. The court pointed out that while the term "conviction" has various meanings in California (the ordinary meaning of verdict and the technical meaning of judgment) where the conviction results in civil penalties and liabilities the conviction takes the technical meaning requiring both verdict and judgment. Since in *Truchon* no judgment was ever entered, the court held that petitioner was not convicted within the meaning of the Constitution and was free to exercise his voting right. (*Truchon v. Toomey, supra,* 116 Cal.App.2d at pp. 744-745.)

In *Helena Rubenstein,* the issue was whether defendant, who had been found guilty of perjury by the jury, was convicted within the meaning of the Constitution (Cal. Const., art. XX, § 11) and thus barred from holding a public office as of the time of rendition of the jury verdict or not until the time of the pronouncement of judgment. After reviewing a long line of cases in both California and elsewhere the court held that a defendant is deemed to have been convicted and lost his right to hold a public office within the meaning of the Constitution only at the time when the judgment of conviction was entered. In its reasoning the court stated as follows:

"[W]e conclude that the terms 'convicted' and 'conviction' have not had a fixed single meaning in California law. In the context of statutes or constitutional provisions imposing civil penalties or disabilities, they have never been construed to mean the verdict of guilt. Such penalties or disabilities have not been found applicable until at least a court judgment has been entered. The California decisions are in this respect in accord with the weight of authority in other jurisdictions. As the Supreme Court of Oregon recently stated: 'Where civil penalties and disabilities are involved . . . a large majority of jurisdictions accept the technical meaning of 'conviction' and hold that conviction takes place only after a determination of guilt and a pronouncement of the judgment of the court. [Citations.]' (*Vasquez v. Courtney* (1975) 272 Ore. 477 [537 P.2d 536, 537].)

"We consider disqualification from public office a significant civil disability. In California, the right to hold public office has long been recognized as a valuable right of citizenship. In 1869, in *People* v. *Washington,* 36 Cal. 658, 662, our Supreme Court declared that '[t]he elective franchise and the right to hold public offices constitute the principal political rights of citizens of the several States.' In *Carter* v. *Com. on Qualifications etc.,* 14 Cal.2d 179, 182 [93 P.2d 140], the court pointed out: '[T]he right to hold public office, either by election or appointment, is one of the valuable rights of citizenship . . . *The exercise of this right should not be declared prohibited or curtailed except by plain provisions of law. Ambiguities are to be resolved in favor of eligibility to office.* . . .' (Italics added.) More recently, the high court, citing *Carter,* has termed the right to hold public office a 'fundamental right.' (*Zeilenga* v. *Nelson,* 4 Cal.3d 716, 720 [94 Cal.Rptr. 602, 484 P.2d 578]; *Fort* v. *Civil Service Commission,* 61 Cal.2d 331, 335 [38 Cal.Rptr. 625, 392 P.2d 385].) Thus, any ambiguity in a constitutional provision calling for forfeiture of an existing office and disqualification from holding public office should be resolved in favor of continued eligibility." (*Helena Rubenstein Internat.* v. *Younger, supra,* 71 Cal.App.3d 406, 418; see also *People* v. *Banks* (1959) 53 Cal.2d 370, 386 [1 Cal.Rptr. 669, 348 P.2d 102]; *In re Trummer* (1964) 60 Cal.2d 658, 662 [36 Cal.Rptr. 281, 388 P.2d 177].)

In the case at bench, the facts are undisputed that after appellant had pleaded guilty to a felony charge, the court suspended the further criminal proceedings against her without rendition of judgment or imposition of a sentence and committed appellant to the custody of the Department of Corrections for the purpose of participating in a narcotics rehabilitation program pursuant to Welfare and Institutions Code section 3051. It is likewise without dispute that after a successful completion of the narcotics rehabilitation program the trial court dismissed the criminal charge pursuant to Welfare and Institutions Code section 3200 and thereby released her from all penalties and liabilities, resulting from the offense under Penal Code section 1203.4.[4] The conclusion is thus inescapable that appellant falls

---

[4]Welfare and Institutions Code section 3200 sets out that upon a successful completion of the narcotics rehabilitation program "the court shall discharge the person from the program and may dismiss the criminal charges of which such person was convicted. . . . Such dismissal shall have the same force and effect as a dismissal under section 1203.4 of the Penal Code . . . ."

Penal Code section 1203.4, in turn, provides in part that: "(a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his plea of guilty or plea of nolo contendere and enter a plea of

squarely within the cases cited above and that in the absence of a judgment of conviction or imposition of sentence she cannot be deemed to be "convicted" under section 1029 and cannot be deprived of her fundamental civil right to obtain a public employment as a peace officer.

Respondents' objection that a plea of guilty to a narcotics offense charged constitutes a conviction and that the suspension of the criminal proceedings to permit commitment as a narcotics addict under Welfare and Institutions Code section 3051 does not foreclose the effect of the conviction (*People* v. *Sanchez* (1969) 2 Cal.App.3d 467, 479 [82 Cal.Rptr. 582]; *People* v. *McCuiston* (1966) 246 Cal.App.2d 799, 809 [55 Cal.Rptr. 482]; *People* v. *Rodriguez* (1966) 243 Cal.App.2d 522, 527 [52 Cal.Rptr. 643]) must be rejected for the reason that the cases relied upon by respondents relate to the usage of such "conviction" in a subsequent *criminal* proceeding for enhancement purposes, not to impose collateral civil disabilities of fundamental dimension. As pointed out earlier, the term "conviction" has a double meaning. While in a narrow sense it can be equated with a verdict or guilty plea, when it goes to determine the civil consequences the conviction must be interpreted in a broader sense so as to include not only the verdict or guilty plea but also the judgment entered thereon. On this basis the cases cited by respondents are readily reconcilable with authorities defining the civil disabilities flowing from the conviction and the two lines of authorities do not present any conflict.

Respondents also contend that the expungement procedure under Penal Code section 1203.4 does not eradicate the conviction and that a conviction even if unattended by a sentence or judgment may be considered for the collateral purpose of revoking or suspending professional licenses, citing *Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 871-872 [338 P.2d 182], *People* v. *Wiedersperg* (1975) 44 Cal.App.3d 550, 553-554 [118 Cal.Rptr. 755], and *Copeland* v. *Dept. of Alcoholic Bev. Control* (1966) 241 Cal.App.2d 186, 188 [50 Cal.Rptr. 452]. However, respondents' contention is applicable to cases in which there has been a *conviction* of a felony; in the present case appellant has not suffered a felony conviction.

In view of our holding the additional issues raised by the parties need not be decided.

---

not guilty; or, if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, *the court shall thereupon dismiss the accusations or information against the defendant and* except as noted below, *he shall thereafter be released from all penalties and disabilities resulting from the offense of which he has been convicted,* except as provided in Section 13555 of the Vehicle Code." (Italics added.)

The judgment is reversed.

Poché, J., and Ballachey, J.,* concurred.

Respondents' petition for a hearing by the Supreme Court was denied November 10, 1983.

*Assigned by the Chairperson of the Judicial Council.