**UNITED STATES of America, Appellee,**

v.

**Billie L. MILLENDER, Appellant.**

**No. 86–2152.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1987.

Decided Feb. 12, 1987.

Rehearing Denied March 10, 1987.

Paul M. Storment, Jr., St. Louis, Mo., for appellant.

Richard L. Poehling, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

Billie L. Millender was convicted in district court [1] on a two-count indictment. In Count I he was charged with distribution of cocaine, a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 and in Count II he was charged with being a convicted felon in possession of a firearm, a violation under 18 U.S.C.App. § 1202(a)(1). [2]

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. 18 U.S.C.App. § 1202(a)(1) reads, in pertinent part:

§ 1202. Receipt, possession, or transportation of firearms

(a) Persons liable; penalties for violations
Any person who—

(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony,

\* \* \* \* \* \*

and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

Millender argues that he has not been convicted of a felony within the meaning of 18 U.S.C.App. § 1202(a)(1). He concedes he pled guilty to a felony charge under an Illinois statute, for which he was placed on two years' probation. He successfully completed this probation and the state court dismissed the charges against him in October 1979, pursuant to Illinois statute. He also admits that in 1980 he applied for and received a Firearm Owners' Identification Card (good for six years) and that he carried a gun. Millender asks the court to reconsider its position in *United States v. Woods*, 696 F.2d 566 (8th Cir.1982) and instead follow the Tenth Circuit's reasoning in *United States v. Stober*, 604 F.2d 1274 (10th Cir.1979). The Tenth Circuit held that the state determination on whether the proceedings in its court constitute a conviction was to be followed by the federal courts. Millender differentiates his case from *Woods, supra*, by pointing out that Woods had *not* successfully completed his probation when arrested on another charge. Millender also urges this court to adopt the dissent in *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983) in which Justice Rehnquist said:

> Congress has never before considered such circumstances [plea of guilty alone without judgment] sufficient for a finding of a "conviction"; there is nothing in the Gun Control Act to infer that Congress has adopted such a standard now.

*Id.* at 124, 103 S.Ct. at 998 (Rehnquist, J., dissenting).

The government argues that this circuit's holding in *Woods, supra*, applies here. In *Woods*, the Eighth Circuit specifically rejected the holding in *Stober, supra*. Also, the government argues that in light of *Dickerson, supra*, the validity of the holding in *Stober* is questionable. In *Dickerson* the trial court "noted" a plea of guilty and placed the defendant on probation. The majority held that, for purposes of federal gun control laws, a plea of guilty and its notation by the state court, followed by a sentence of probation, constituted a conviction. *Dickerson, supra*, 460 U.S. at 114, 103 S.Ct. at 992.

We reiterate what we stated in *Woods:* federal law determines whether a person is a convicted felon for the purposes of federal firearms statutes. *Woods, supra*, 696 F.2d at 568. Federal courts have clearly established that a voluntary plea of guilty is a conviction. *Id.* at 569. Therefore Millender was convicted by a state court within the meaning of 18 U.S.C.App. § 1202(a)(1). In addition, the Supreme Court stated "for purposes of the federal gun control laws, we equate a plea of guilty and its notation by the state court, followed by a sentence of probation, with being 'convicted'" under the gun control statutes. *Dickerson, supra*, 460 U.S. at 114, 103 S.Ct. at 992. We conclude that the district court properly denied Millender's motion to strike Count II. Accordingly the judgment of the district court is affirmed.