Kathleen M. CAMMISANO and William Cammisano, Jr., Appellants,

v.

UNITED STATES of America, Appellee.

No. 87–1201.

United States Court of Appeals, Eighth Circuit.

Submitted July 30, 1987.

Decided Sept. 28, 1987.

Byron Neal Fox, Kansas City, Mo., for appellant.

Paul S. Becker, Atty., U.S. Dept. of Justice, Kansas City, Mo., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Kathleen M. and William Cammisano, Jr., appeal a portion of the district court's order holding William to be a "felon" under the federal gun control laws. We affirm.

The district court ruled William Cammisano could not legally possess hunting rifles because in 1969 he entered a guilty plea to second-degree burglary, a felony in Missouri. *See* 18 U.S.C. app. § 1202(a)(1) (repealed 1986). (The statute's prohibition of a convicted felon's possessing firearms was transferred to 18 U.S.C. § 922(g) and (h). *See* H.R.Rep. No. 495, 99th Cong., 2d Sess. 4, *reprinted in* 1986 U.S.Code Cong. & Admin.News 1327, 1349; Firearms Owners' Protection Act, Pub.L.No. 99–308, § 102, 100 Stat. 449, 451–53 (1986) (to be codified at 18 U.S.C. § 922(g), (h))). On appeal Cammisano argues he should not be classified as a convicted felon because the three-year prison sentence he received in 1969 for burglary was suspended, he successfully completed his probation in 1972, and his civil rights were fully restored to him by Missouri at that time.

 Federal law determines whether a person is a convicted felon under the firearms statutes. *United States v. Millender,* 811 F.2d 476, 477 (8th Cir.1987). Voluntary guilty pleas are treated as convictions within the meaning of these statutes. *Id.* (" '[F]or purposes of the federal gun control laws, we equate a plea of guilty and its notation by the state court, followed by a sentence of probation, with being "convicted" ' * * *." (quoting *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 114, 103 S.Ct. 986, 992, 74 L.Ed.2d 845 (1983)). A felon's discharge from probation does not wipe the slate clean for purposes of the federal firearms statutes. *See United States v. Mostad,* 485 F.2d 199, 200 (8th Cir.1973), *cert. denied,* 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed.2d 563 (1974). Neither does the state's restoration of a felon's civil rights. *See United States v. Kelly,* 519 F.2d 794, 796 (8th Cir.), *cert. denied,* 423 U.S. 926, 96 S.Ct. 272, 46 L.Ed.2d 254 (1975).

The order of the district court is affirmed.