UNITED STATES of America,
Plaintiff,

v.

Amanda K. TANKERSLEY, Defendant.

No. 4:03CR3000.

United States District Court,
D. Nebraska.

June 5, 2003.

Alan L. Everett, Assistant United States Attorney, Lincoln, NE, for Plaintiff.

John C. Vanderslice, Federal Public Defender's Office–Lincoln, Lincoln, NE, for Defendant.

## MEMORANDUM AND ORDER

KOPF, Chief Judge.

This matter is before the court on the Magistrate Judge's report and recommendation (filing 24), and on Defendant's objections thereto (filing 30).

Pursuant to 28 U.S.C. § 636(b)(1) and NELR 72.4, I have conducted a de novo review of the report and recommendation, and I find that it should be adopted. Inasmuch as Magistrate Judge Piester has fully, carefully and correctly found the facts and applied the law, I need only state that Defendant's motion to dismiss (filing 14) should be denied. Accordingly,

IT IS ORDERED that:

1) The Magistrate Judge's report and recommendation (filing 24) is adopted;

2) Defendant's objections to the report and recommendation(filing 30) are denied; and

3) Defendant's motion to dismiss (filing 14) is denied in all respects.

## REPORT AND RECOMMENDATION

PIESTER, United States Magistrate Judge.

The defendant has filed a Motion to Dismiss the indictment against her for felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and 924(a)(2). See filing 14. Defendant claims her criminal record does not include any prior conviction, and the indictment against her must therefore be dismissed. The offense of felon in possession of a firearm requires the government to prove: 1) the defendant was previously convicted of a crime punishable by imprisonment exceeding one year; 2)

she knowingly possessed a firearm; and 3) the firearm must have been in or affected interstate commerce. *United States v. Sianis*, 275 F.3d 731, 733 (8th Cir.2002); *United States v. Lapsley*, 263 F.3d 839 (8th Cir.2001).

Defendant's motion to dismiss the indictment is limited to challenging the first element of the government's case: the existence of a prior conviction. Defendant argues that although she pleaded guilty to a California felony burglary charge in 1998, her sentencing was suspended and she was placed on formal probation for three years. She argues that under *United States v. Stallings*, 301 F.3d 919 (8th Cir.2002), and absent any imposition of sentence by the California court, no judgment of conviction was entered for that crime. She claims the 1998 California criminal record does not evidence a prior conviction sufficient to support the charge of felon in possession of a firearm.

### Statement of Facts

By stipulation of the parties, defendant's motion to dismiss is submitted solely on California court records related to the 1998 California burglary charges against the defendant. Filing 19, and attached exhibit 101. On April 11, 2003, after this stipulated evidence was filed, the parties were given five days to inform the court of any additional evidence they wanted to offer on the motion to dismiss. Filing 21. On April 18, 2003, defendant advised the court that she has no further evidence to offer, and the government filed a reply brief but did not request an evidentiary hearing or offer additional evidence in opposition to defendant's motion. Filing 22. The motion to dismiss is fully submitted.

On May 1, 1998, the defendant was charged with committing the crime of First Degree Residential Burglary in violation of California Penal Code § 462(a). Filing 19, exhibit 101 at p. 1–3. This crime is considered a serious felony under California Penal Code § 1192.7(c). On June 25, 1998, defendant waived her constitutional right to a trial and pleaded guilty as part of a plea bargain. Filing 19, exhibit 101 at p. 4–5. After assuring that defendant was aware of and chose to waive her right to a jury trial, this guilty plea was accepted by the court. Filing 19, exhibit 101, plea transcript at 3:4–5:11.

Under the terms of the plea bargain, the defendant was placed on three years of formal probation with the court to determine, following further pre-sentence investigation, whether the defendant should also be imprisoned for up to one year. Filing 19, exhibit 101, plea transcript at 2:17–28. The probation and sentencing hearing was set for July 23, 1998, and defendant was warned that a failure to appear could result in a six-year jail sentence. Filing 19, exhibit 101, plea transcript at 5:16–6:1.

On July 23, 1998 the court suspended imposing a sentence, placed defendant on three years of formal probation, and ordered her to complete 500 hours of community service, pay restitution, and pay a fine. She was ordered to re-appear before the court on July 30, 1999. Filing 19, exhibit 101, at p. 28; sentencing transcript at 4:21–6:26.

Defendant's counsel was present, but the defendant failed to appear before the court on July 30, 1999. Her probation was continued under the same terms and conditions, and defendant was ordered to appear on August 11, 1999. Filing 19, exhibit 101, at p. 31.[1]

On August 22, 2000 defendant's probation was preliminarily revoked and a bench

---

1. The government's brief states that on August 20, 1999, the defendant appeared before the California court, a supplemental probation report was ordered, and her probation was continued. The government's brief further states that on June 28, 2000, the probation officer stated no supplemental report

warrant was issued for defendant to appear before the court on September 15, 2000 for a hearing to determine whether defendant had violated her probation. Filing 19, exhibit 101, at p. 32. Neither the defendant nor her counsel appeared at the September 15, 2000 hearing. At that hearing the court considered the evidence submitted by the probation office and entered an order revoking defendant's probation. Filing 19, exhibit 101, at p. 33.

On October 2, 2000 defendant appeared before the California court, admitted she had violated the terms of her probation, and requested a reinstatement of her probation and for leave to transfer her probation to Nebraska. The court found defendant had violated the terms of her probation, but reinstated probation under the previous terms and conditions. Filing 19, exhibit 101, at p. 34; transcript of probation reinstatement hearing at 5:9–28.

On May 9, 2001 a hearing was held to determine if defendant had violated her probation. The defendant did not appear, but the California court found she had not violated her probation. Filing 19, exhibit 101, at p. 36. On June 13, 2001 a hearing was held on defendant's possible probation violation and the probation department's request for early termination of defendant's probation. This request was denied and the defendant continued on probation. Filing 19, exhibit 101, at p. 37.

No further California court records have been submitted for consideration of defendant's motion to dismiss. Accordingly, defendant claims there is no evidence a judgment of conviction was ever entered against her under California law.

## Legal Analysis

The parties have each argued that controlling Eighth Circuit supports their respective positions, the government claiming the Eighth Circuit opinions are in conflict and the defendant arguing that the opinions, and their outcomes, differ only with respect to which state's law was applied. However, the Eighth Circuit has never specifically discussed the issue presented in this case.

■ The determining factor on defendant's motion to dismiss, and the issue that must be addressed herein, is whether the California court's acceptance of defendant's guilty plea and its determination to place her on probation with a suspended sentence, is a conviction under California law for the purposes of prosecuting the crime of felon in possession of a firearm. For the reasons discussed herein, I find that defendant's guilty plea alone, without any judgment of conviction, is a conviction under California law for the purpose of a subsequent criminal prosecution where the existence of a prior felony conviction is an element of the case.

■ The framework for assessing the meaning of "prior felony conviction" for the purposes of enforcing a federal criminal statute requires initially determining whether state or federal law governs that definition in the context of the case presented and, after making that determination, analyzing the applicable law under the specific facts presented. *United States v. Franklin*, 250 F.3d 653, 665 (8th Cir.2001). In the context of criminal charges brought against the defendant pursuant to 18 U.S.C. § 922(g), both the

could be prepared because the defendant had not maintained contact with that officer. Documents reflecting these events are attached to defendant's motion to dismiss but, whether through inadvertence or by joint agreement of the parties, these documents are not included in Exhibit 101 and are therefore not considered as evidence herein. Of note, the August 20, 1999 and June 28, 2000 references in the government's brief were not material to the determination of defendant's motion to dismiss.

federal and California statutory law, and thus application of them evidenced in appellate opinions, has been amended from time to time. Analyzing the law applicable to this case requires:

1. Recognizing that Supreme Court and Eighth Circuit choice-of-law jurisprudence for 18 U.S.C. § 922(g) charges brought prior to November 15, 1986 [2] was effectively overruled by the 1986 congressional enactments set forth in 18 U.S.C. § 921(a)(20).[3] Under § 921(a)(20), and as applied to this case, the definition of a conviction for the purposes of 18 U.S.C. § 922(g) is dependent on California law;

2. The 1986 choice-of-law amendment to 18 U.S.C. § 922(g) did not, however, overrule the general proposition that "when Congress enacts a statute [,] ... it does not intend to make its application dependent on state law," *Taylor v. United States*, 495 U.S. 575, 591[, 110 S.Ct. 2143, 109 L.Ed.2d 607] (1990) (quoting *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103[, 119, 103 S.Ct. 986, 74 L.Ed.2d 845] (1983)). Accordingly, cases based on federal statutes other than 18 U.S.C. § 922(g) may not be applicable to this case; and,

3. When applying California law as specifically required by Congress' choice-of-law provision in 18 U.S.C. § 921(a)(20), the context of the case must be considered. Under California law a guilty plea alone may be a "conviction" for the purpose of pursuing criminal charges while a guilty plea and judgment are necessary for imposing civil penalties and disabilities based on a prior conviction. (See discussion at *Boyll v. State Personnel Board,* 146 Cal.App.3d 1070, 1073, 194 Cal.Rptr. 717 (1983)).

As explained below, upon evaluating these factors and analyzing defendant's prior California criminal record in the context of applicable law, I conclude that defendant was previously convicted of a felony in California.

■ The defendant argues that following her guilty plea, she was never sentenced, was instead placed on probation, and no judgment of conviction exists. California law provides that, following a finding of guilt, a judge may grant probation to the defendant in two ways: 1) order probation and suspend any sentencing determination, or 2) sentence the defendant but suspend execution of the sentence pending the outcome of a probationary period. *Stephens v. Toomey,* 51 Cal.2d 864, 871, 338 P.2d 182, 186 (1959). When a sentence has been imposed, a judgment of conviction has been entered, but when a sentencing determination has been suspended no judgment has been rendered under California law. *Id.* (cited in *United States v. Stallings,* 301 F.3d 919, 922 (8th Cir.2002)).

Defendant claims that absent a judgment of conviction, the government cannot prove she was previously convicted. In contrast, the government argues that even absent an explicit "judgment" of conviction, defendant was convicted of a felony in California when the court accepted her guilty plea.

**2.** This date is 180 days after May 19, 1986, the date Congress amended the felon in possession statute by adopting the choice-of-law provision set forth at 18 U.S.C. § 921(a)(20).

**3.** *Beecham v. United States,* 511 U.S. 368, 374, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994) refers to 18 U.S.C. § 921(a)(20) as a choice-of-law clause, and explains it was likely enacted to respond to *Dickerson v. New Banner Institute Inc.,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983).

In 1983 the Supreme Court held that a plea of guilty to a state offense punishable by imprisonment of more than one year, followed by a successfully served probation term and expungement of defendant's state record, is a conviction for purposes of 18 U.S.C. § 922(g). *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983). *Dickerson* held that "[w]hether one has been 'convicted' within the language of the [federal] gun control statutes is necessarily ... a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by the law of the State." *Id.* at 111–12, 103 S.Ct. 986. Applying federal law, *Dickerson* held that state deferred judgment statutes, and the state's act of expunging a criminal record upon successful completion of probation, do not prevent the defendant's guilty plea from constituting a conviction for the purposes of 18 U.S.C. § 922(g). *Id.* at 112–15, 103 S.Ct. 986.

In 1986 Congress effectively overruled this holding of *Dickerson* by enacting 18 U.S.C. § 921(a)(20). The 1986 legislation, which is applicable to defendant Tankersley's motion to dismiss, provides:

> What constitutes a conviction ... shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (amended by Public Law 99–308 § 101(5), 100 Stat. 449 (May 19, 1986)). This amendment was applicable to criminal charges brought after November 15, 1986, which was one hundred eighty days after May 19, 1986, the date of its enactment. Public Law 99–308 § 110, 100 Stat. 449 (May 19, 1986). The amendment was not applied retroactively. *Martin v. United States*, 989 F.2d 271, 274 (8th Cir.1993); *Bell v. United States*, 970 F.2d 428, 431 (8th Cir.1992).

For 18 U.S.C. § 922(g) charges brought prior to the effective date of the amendment, a "conviction" was defined by federal law, but where the prior conviction occurred in state court, state law governs the definition of a conviction for federal charges of felon in possession pursued after the effective date of the amendment.[4]

---

**4.** For pre-amendment cases see, e.g., *United States v. Millender*, 811 F.2d 476 (8th Cir. 1987) (for case arising in 1986 and applying *Dickerson*, defendant's voluntary plea of guilty to felony charge in state court was a "conviction" for purposes of firearms statute); *United States v. Mostad*, 485 F.2d 199, 200 (8th Cir. 1973) (felon's discharge from state probation does not wipe the slate clean for purposes of the federal firearms statutes); *United States v. Kelly*, 519 F.2d 794, 796 (8th Cir.1975) (state's restoration of a felon's civil rights does not foreclose finding of prior conviction under federal law).

The case of *Cammisano v. United States*, 829 F.2d 687 (8th Cir.1987) was reported in November 1987 but does not reference when the criminal charge for felon in possession was brought. *Cammisano* applied federal law and held that a defendant was a convicted felon even though his three-year prison sentence for burglary was suspended, he successfully completed his probation, and his civil rights were fully restored to him by Missouri. The case discusses the 1986 amendments to the felon in possession statutes, but does not specifically reference 18 U.S.C. § 921(a)(20) and relies instead on *Dickerson*. Although *Cammisano* was published after the 1986 amendments, based on the law applied by the Eighth Circuit therein, it is likely the felon in possession indictment was brought under preamendment law. Therefore, while the case is factually similar to the pending case, it cannot provide persuasive authority herein.

"[A]fter the effective date of the 1986 amendments, if a state restores a felon's civil rights, that person will not be subject to the federal prohibition against firearm possession nor can that conviction be used for purposes of sentence enhancement unless the state expressly excludes possession of firearms from the restoration of civil rights." *United States v. Wind,* 986 F.2d 1248, 1250 (8th Cir.1993).

■ Pursuant to 18 U.S.C. § 921(a)(20), defining a previous conviction for the purposes of a federal charge of felon in possession of a firearm requires reference to the law of the jurisdiction where the previous criminal charges were brought.[5] See, *Sianis,* 275 F.3d at 734 (interpreting 18 U.S.C. § 921(a)(20) by applying Nebraska law to determine rights of convicted felon to possess a weapon); *DeRoo v. United States,* 223 F.3d 919, 925 (8th Cir2000) ("What constitutes a conviction for purposes of section 922(g)(1) is determined in accordance with the law of the jurisdiction where the proceedings were held, in this case Minnesota."); *United States v. Hill,* 210 F.3d 881, 883 (8th Cir.2000) (applying Missouri law, defendant's suspended sentence prevented the government from indicting him as a felon in possession under 18 U.S.C. § 922(g)). Therefore California law governs whether defendant was previously convicted of a felony for the purpose of pursuing a federal charge of felon in possession of a firearm.

Both the government and the defendant cite to Eighth Circuit cases discussing the definition of "conviction" and argue that these cases control the outcome of defendant's motion to dismiss. The defendant cites to *Stallings* while the government cites to *Franklin* and *United States v. Ortega,* 150 F.3d 937 (8th Cir.1998). None of these cases is applicable under the facts presented herein.

*Stallings, Franklin,* and *Ortega* are each federal sentencing cases where the definition of "conviction" was relevant to determine if a sentencing enhancement for prior convictions was warranted. For the purposes of 21 U.S.C. § 841(b), a "felony" is defined to mean any state offense classified by applicable state law as a felony, but Congress has not stated whether state or federal law should be applied to define the term "conviction" for the purposes of the federal sentencing guidelines. *Ortega,* 150 F.3d at 948. See also, *United States v. Robinson,* 967 F.2d 287 (9th Cir.1992) (finding that absent a judgment of conviction for failure to sentence the defendant, battery on a police officer is a felony under California law and a "conviction" under federal law for the purpose of the federal sentencing guidelines).[6] The Supreme Court has held:

> [A]bsent plain indication to the contrary, federal laws are not to be construed so that their application is dependent on state law, because the application of federal legislation is nationwide and at times the federal program would be im-

---

**5.** If the jurisdiction presiding over the prior criminal charges was a federal court, the 1986 amendment set forth in 18 U.S.C. § 921(a)(20) created no change in the law. As was true prior to the amendment, a guilty plea to a federal charge is a conviction under federal law and even absent sentencing, and establishes the "prior conviction" element of a subsequent federal indictment for felon in possession of a firearm. *United States v. Sample,* 136 F.3d 562, 564–65 (8th Cir.1998) (citing *Dickerson v. New Banner Inst., Inc.,* 460

U.S. 103, 114, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983); *United States v. Millender,* 811 F.2d 476, 477 (8th Cir.1987), and *United States v. Woods,* 696 F.2d 566, 570 (8th Cir.1982)).

**6.** *Stallings* relies extensively on *Robinson* to interpret California law, but unlike *Robinson,* holds that absent a judgment of conviction under California law, a finding of guilt by a California court is not a conviction for federal sentencing purposes.

paired if state law were to control. In the absence of a plain indication of an intent to incorporate diverse state laws into a federal criminal statute, the meaning of the federal statute should not be dependent on state law.

*Taylor v. United States,* 495 U.S. 575, 591, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (quoting *Dickerson,* 460 U.S. at 119–120, 103 S.Ct. 986 and *United States v. Turley,* 352 U.S. 407, 411, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957)). Therefore, cases discussing the definition of "conviction" in the context of federal sentencing, where the applicable choice-of law is not codified and federal law is presumed to apply, are not persuasive in determining the meaning of "conviction" for charges brought pursuant to 18 U.S.C. § 922(g).[7]

Defendant Tankersley's California criminal record supports a finding of "conviction" under 18 U.S.C. § 922(g). Under California law, her guilty plea is a "conviction" for the purposes of any subsequent criminal charges which rely on a history of prior convictions.

Whether placed on probation in lieu of execution of a sentence imposed (which results in a judgment of conviction), or as an alternative to imposing a sentence, a California defendant can seek relief under California Penal Code § 1203.4. *Toomey,* 51 Cal.2d at 870–71, 338 P.2d at 185. In either case, the defendant may request a withdrawal of the guilty plea or finding of guilt, and the court may enter a plea of not guilty and either "expunge"[8] the record or dismiss the case. *Id.*

**7.** *Stallings* contradicts the conclusion of *Franklin* and *Ortega* in determining whether a judgment is necessary for a conviction to be considered in sentence enhancement proceedings. *Franklin* and *Ortega* hold that in the context of federal sentencing enhancements under 21 U.S.C. § 841, federal law and not Missouri law governs whether the defendant has record of prior convictions. Citing *Dickerson, Franklin* and *Ortega* conclude that a guilty plea, for which defendant served supervised probation and received a suspended imposition of sentence, qualifies as a prior final felony drug conviction for purposes of section 841(b). *Franklin,* 250 F.3d at 665; *Ortega,* 150 F.3d at 947 (both applying Missouri law). In contrast, *Stallings* held that a judgment of conviction is required if the conviction is to be used for federal sentencing enhancements. *Stallings* concluded that since a California conviction which resulted in defendant receiving probation with suspended imposition of sentence is not a judgment of conviction under California law, the enhanced sentence imposed in reliance upon the prior California conviction was improper. *Stallings,* 301 F.3d at 922.

Given that the expungement or dismissal provisions of California Penal Code § 1203.4 are available remedies even when no judgment of conviction has been entered, (see *Toomey,* 51 Cal.2d at 870–71, 338 P.2d at 185), *Stallings* appears to conflict with the Ninth Circuit's recent interpretation of California law in the context of federal sentencing enhancement proceedings. *United States v. Hayden,* 255 F.3d 768 (9th Cir.2001), and with the California court's precedent on this issue. See, *People v. Shirley,* 18 Cal.App.4th 40, 47, 22 Cal.Rptr.2d 340, 344 (1993) (even when the court imposed no sentence the validity of the prior conviction stands for purposes of California sentence enhancement statutes.)

*Franklin* and *Ortega* applied federal law to define a conviction in the context of federal sentencing, but California law governs whether defendant Tankersley was previously convicted for the purposes of a federal indictment for felon in possession of a firearm. Neither these cases nor *Stallings* define a conviction for the purposes of 18 U.S.C. § 922(g). *Stallings* discusses California law and concludes that no judgment of conviction exists under facts substantially similar to Tankersley's case. However, *Stallings* does not hold that under California law, no conviction exists for the purposes of subsequent criminal charges absent the entry of judgment.

**8.** The meaning of "expunge," as frequently used in California case law when discussing California Penal Code § 1203.4, has been the topic of recent Ninth Circuit and California state court discussion. While expunge usually means "to erase or destroy" the record of a conviction from a criminal record, a § 1203.4

■ A defendant who " 'has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of probation is entitled as a matter of right to have the plea or verdict of guilty changed to one of not guilty, to have the proceedings expunged from the record, and to have the accusation dismissed.' " *People v. Chandler*, 203 Cal.App.3d 782, 787, 250 Cal. Rptr. 730, 733 (1988). However, if probation is revoked during the probationary period, the trial court retains jurisdiction to sentence the defendant after the expiration of that term. *Id.* at 786 n. 1, 250 Cal.Rptr. at 732 n. 1 (1988) (citing *People v. Ham*, 44 Cal.App.3d 288, 293, 118 Cal. Rptr. 591, 594 (1975)).

■ The defendant's California probation was revoked and thereafter reinstated. This revocation precludes her from asserting, as a matter of right, the withdrawal of her guilty plea under § 1203.4.

■ "A plea of guilty constitutes a conviction" under California law. *Toomey*, 51 Cal.2d at 869, 338 P.2d at 184 (citing *People v. Williams*, 27 Cal.2d 220, 228, 163 P.2d 692 (1945)); *People v. Goldstein*, 32 Cal. 432, 433 (1867). While a judgment of conviction is required to deny voting rights, (see, *Toomey* ), or employment with a state agency, (*Boyll v. State Personnel Board*, 146 Cal.App.3d 1070, 194 Cal.Rptr.

717 (1983)), for the purpose of any criminal charge which is based in part on a prior conviction, "defendant suffers such a conviction when he pleads guilty." *People v. Balderas*, 41 Cal.3d 144, 203, 711 P.2d 480, 515, 222 Cal.Rptr. 184, 218 (1985) (citing *People v. Banks*, 53 Cal.2d 370, 390–391, 1 Cal.Rptr. 669, 348 P.2d 102 (1959) and *Toomey*, 51 Cal.2d at 869–70, 338 P.2d at 185 ("[U]nder section 1203.4 of the Penal Code the record in the criminal case may be used against [a defendant] for limited purposes in any criminal proceeding thereafter brought against him.")).

■ Even when the guilty plea has been withdrawn and the case dismissed or expunged under section 1203.4, the guilty plea remains a conviction for the purpose of prosecuting subsequent crimes where a prior conviction is an element of the later indictment. Section 1203.4 provides:

> [I]n any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.[9]

> Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm capable of being concealed upon the person or prevent his or her conviction under Section 12021.[10]

---

order does not erase, wipe out, or "expunge" the record of a prior criminal conviction for all purposes under California law. *United States v. Hayden*, 255 F.3d 768 (9th Cir.2001) (citing *People v. Frawley*, 82 Cal.App.4th 784, 98 Cal.Rptr.2d 555 (2000)).

**9.** This provision of § 1203.4 has not changed in any material way since at least 1936. *People v. Barwick*, 7 Cal.2d 696, 699, 62 P.2d 590, 591 (1936) (where defendant had pleaded guilty and his sentence was suspended pending successful completion of probation, previous felony for operating still was a prior conviction for purpose of later prosecution of perjury).

**10.** Prior to 1960, a prior felony conviction which had been set aside under § 1203.4 was not a prior felony conviction within the meaning of a statute prohibiting possession of firearms by persons convicted of prior felonies. *People v. Taylor*, 178 Cal.App.2d 472, 3 Cal. Rptr. 186 (1960). Section 1203.4 was amended in 1961 to provide that relief under its terms did not authorize convicted felons to possess concealable weapons and did not prevent their prosecution under section 12021. *People v. Frawley*, 82 Cal.App.4th 784, 792, 98 Cal.Rptr.2d 555, 560 (2000). California Penal Code § 12021(a)(1) provides:

> Any person who has been convicted of a felony under the laws of the United States,

Cal.Penal Code § 1203.4(a). See e.g., *People v. Bradley*, 248 Cal.App.2d 887, 890, 57 Cal.Rptr. 82, 84 (1967) (where sentence was not imposed and probation successfully completed, defendant entitled to dismissal of prior felony under § 1203.4 but this dismissal did not eliminate the attempted burglary conviction as a prior conviction in subsequent prosecution).

> The power of the court to reward a convicted defendant who satisfactorily completes his period of probation by setting aside the verdict and dismissing the action operates to mitigate his punishment by restoring certain rights and removing certain disabilities. But it cannot be assumed that the Legislature intended that such action by the trial court under section 1203.4 should be considered as obliterating the fact that the defendant had been finally adjudged guilty of a crime. This is made clear by the provision that the fact of the defendant's conviction can be used against him in any later prosecution, despite dismissal of the action under section 1203.4. In brief, action in mitigation of the defendant's punishment should not affect the fact that his guilt has been finally determined according to law.

*People v. McCloud,* 71 Cal.App.3d 173, 177, 139 Cal.Rptr. 321, 323 (1977). The purpose of a dismissal under § 1203.4 is to release a defendant from all penalties and disabilities resulting from the offenses for which he has been found guilty. It was not intended to alleviate penalties, disabilities, or culpability for future offenses. *People v. Daniels,* 51 Cal.App.4th 520, 525, 59 Cal.Rptr.2d 395, 398 (1996).

Under California law defendant's guilty plea was a conviction for the purposes of any subsequent criminal charge based on a prior conviction. Furthermore, and specifically in the context of an indictment for felon in possession of a firearm, even had defendant sought and obtained a withdrawal of guilty plea and a § 1203.4 dismissal of her 1998 burglary conviction, the 1998 burglary remains a prior felony which may be pleaded and proved in any subsequent California prosecution for felon in possession of a firearm. *People v. Frawley,* 82 Cal.App.4th 784, 792, 98 Cal. Rptr.2d 555, 560 (2000). See also, *People v. Loomis,* 231 Cal.App.2d 594, 42 Cal. Rptr. 124 (1965) (defendant was "convicted" for purposes of criminal statute making it an offense for any person who has been convicted of a felony to own or possess a pistol or concealed firearm, though sentence was suspended and he was placed on probation.) Given the federal government's "interest in a single, national, protective policy" on "matters of weapons possession," (*Caron v. United States,* 524 U.S. 308, 309, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998)), it would be anomalous to find that a guilty plea is a "conviction" for the purposes of a California prosecution for felon in possession of a firearm, but a judgment on this conviction is necessary in a federal prosecution brought pursuant to 18 U.S.C. § 922(g).

California law determines whether defendant's criminal record related to her 1998 burglary charges is sufficient to support the "prior conviction" element of a federal indictment for felon in possession of a firearm. Under California law even

---

of the State of California, or any other state, government, or country ... who owns or has in his or her possession or under his or her custody or control any firearm is guilty of a felony.
Under federal law, even if a prior criminal charge is dismissed under state deferred judg-

ment provisions, a person is not entitled to possess firearms if "the state expressly excludes possession of firearms from the restoration of civil rights." *United States v. Wind,* 986 F.2d 1248, 1250 (8th Cir.1993).

though defendant was not sentenced and therefore no judgment of conviction was entered on that offense, her guilty plea was a conviction for the purposes of prosecuting a subsequent criminal charge which relies in part on a prior felony record. Defendant pleaded guilty to the 1998 California burglary charges. Her motion to dismiss arguing that the California criminal record does not provide evidence of prior felony conviction should be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, Chief United States District, pursuant to 28 U.S.C. § 636(b)(1)(B), that the defendant's motion to dismiss be denied in all respects.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

Dated: May 19, 2003.