Filed 1/24/14  P. v. Mei CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GENG WONE MEI,<br><br>    Defendant and Appellant. | A137404<br><br>(Contra Costa County<br>Super. Ct. No. 05-100916-6) |

Appellant Geng Wone Mei appeals from a judgment sentencing him to state prison for a three-year term after a jury convicted him of several offenses, including assault by means of force likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(1).)[1] He argues the evidence was insufficient to support an enhancement for great bodily injury attached to that count because the victim suffered only a momentary loss of consciousness.  (§ 12022.7, subd. (a).)  He also contends the prosecutor committed misconduct by equating unconsciousness with great bodily injury during closing argument.  We affirm.

## I.    BACKGROUND

Appellant was employed as a cook at a sushi restaurant and Jane Doe began working as his assistant.  Appellant started touching Doe inappropriately during her first week at work.  On one occasion, he placed his hands under her clothing and squeezed her

---

[1] Further statutory references are to the Penal Code.

1

breasts under her bra.  Doe reported this conduct to another female employee, but nothing was done.

On October 30, 2009, Doe was napping in her car during a break.  Appellant opened the door, which was unlocked, climbed on top of her, and pulled up her shirt, touching her breasts.  He held her down and tried to take off her pants, but she resisted and scolded him and eventually he left the car.  Doe remained in the car, crying, and then returned to work.

Inside the restaurant, Doe confronted appellant about what he had done.  He threatened to hit her if she didn't stop arguing with him.  When Doe continued to argue with appellant, he slapped her and she tore his shirt.  Later during that same shift, while Doe was mopping the floor in the kitchen, appellant accused her of hitting him.  He slapped her and struck her on the head with a pot or a wok, and she fell to the floor and lost consciousness.

The owners of the restaurant arrived, but when Doe told them what had happened, they downplayed the problem and told her she would be terminated if she went to the police.  The owners later presented her with a letter to sign, which Doe refused to do.

On November 5, 2009, Doe was seen by Dr. Kim for a routine health appointment.  Kim noticed bruises on Doe's body and asked her what had happened.  Doe did not answer initially, but after some probing, tearfully explained she had been attacked by a male coworker while she was napping in her car.  She said she was bothered by scratches on her neck and a bruise on her arm, and had been suffering from headaches on the right side of her head.  Doe reported tremendous anxiety and insomnia as a result of the incident, and said she was so overwhelmed she was not able to focus.  She was prescribed medication for her headaches, which lasted a long time.  Kim, a mandated reporter, contacted the police, and Doe reluctantly gave a statement about what had happened.

Charges were filed against appellant and, following a jury trial, he was convicted of false imprisonment by force or violence (§§ 236, 237, subd. (a)), assault by means of force likely to cause great bodily injury with a great bodily injury enhancement (§§ 245, subd. (a)(1), 12022.7, subd. (a)), two counts of misdemeanor sexual battery by restraint,

2

and one count of felony sexual battery by restraint (§ 243.4, subd. (a)). The jury acquitted appellant of assault with intent to commit rape (§ 220, subd. (a)), and the court granted a defense motion for acquittal on a count alleging criminal threats (§ 422).

The court sentenced appellant to prison for the three-year middle term on the assault count, but did not impose the great bodily injury enhancement attached to that count: "With regard to the 12022.7 enhancement, which the jury did find, the court is going to impose the three-year enhancement and stay it in the interest of justice, as the victim only momentarily lost consciousness, and the three-year term isn't warranted. I don't dispute what the jury did, given the instructions that they had, but I'm not going to impose a three-year consecutive term for that."[2] Sentences on the other counts were ordered to run concurrently or stayed.

## II.    DISCUSSION

A.    *Sufficiency of the Evidence—Great Bodily Injury Enhancement*

Appellant argues the evidence was insufficient to support the jury's true finding on the great bodily injury enhancement attached to the assault count, because the evidence, at best, showed only a brief loss of consciousness. We reject the claim.[3]

"It is well settled that the determination of great bodily injury is essentially a question of fact, not of law. ' "Whether the harm resulting to the victim . . . constitutes great bodily injury is a question of fact for the jury. [Citation.] If there is sufficient evidence to sustain the jury's finding of great bodily injury, we are bound to accept it,

---

[2] Technically, the court should have imposed the enhancement but stricken (rather than stayed) the additional punishment under section 1385. (See *People v. Meloney* (2003) 30 Cal.4th 1145, 1155 ["as a general matter, a court has discretion under section 1385, subdivision (c) to dismiss or strike an enhancement, or to 'strike the additional punishment for that enhancement in the furtherance of justice' "].) Because the court stated sufficient reasons for striking the punishment on the enhancement, there is no need to remand the case.

[3] Although the trial court did not impose punishment for the great bodily injury enhancement, reversal of the enhancement would mean the assault count no longer qualified as a violent or serious felony. (See §§ 667.5, subd. (c)(8), 1192.7, subd. (c)(8), 1170.12, 2933.1; see *People v. Milosavljevic* (1997) 56 Cal.App.4th 811, 815–818; *People v. Shirley* (1993) 18 Cal.App.4th 40, 44–47.)

even though the circumstances might reasonably be reconciled with a contrary finding." ' [Citations.]" (*People v. Escobar* (1992) 3 Cal.4th 740, 750, fn. omitted.)

Section 12022.7, subdivision (a) provides, "Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison of three years." Section 12022.7, subdivision (f) defines "great bodily injury" as "significant or substantial physical injury." The jury in this case was so instructed.

Though section 12022.7 does not provide specific examples of great bodily injury, section 243, subdivision (f)(4), defines "serious" bodily injury for purposes of aggravated battery as "a serious impairment of physical condition, including, but not limited to the following: loss of consciousness . . . ." "Great bodily injury" and "serious bodily injury" have "substantially the same meaning" (*People v. Hawkins* (1993) 15 Cal.App.4th 1373, 1375) and the elements are " ' "essentially equivalent." ' " (*People v. Knoller* (2007) 41 Cal.4th 139, 143, fn. 2.) Thus, a victim's loss of consciousness may itself support a finding of great bodily injury. (See *People v. Wade* (2012) 204 Cal.App.4th 1142, 1146–1149 [loss of consciousness constituting a "serious impairment of physical condition" is a "serious bodily injury" under § 243, subd. (f)(4); evidence of serious bodily injury sufficient when defendant choked victim until she passed out, even though she did not know how long she had been unconscious].)

Appellant complains the evidence Doe was actually rendered unconscious as a result of a blow to the head was "equivocal at best" and unsupported by physical findings. " 'A fine line can divide an injury from being significant or substantial from an injury that does not meet the description. Clearly, it is the trier of fact that must in most situations make the determination.' [Citation.]" (*People v. Escobar*, *supra*, 3 Cal.4th at p. 752.) In this case, moreover, the evidence of injury was not limited to the loss of consciousness—the evidence also showed Doe suffered from long-lasting headaches as a result of the attack and was prescribed medication. Substantial evidence supports the great bodily injury enhancement under section 12022.7, subdivision (a).

4

B.      *Prosecutorial Misconduct/Ineffective Assistance of Counsel*

Appellant argues the prosecutor committed misconduct during closing argument by advising the jury a loss of consciousness alone qualifies as great bodily injury. Appellant suggests the prosecutor's comments could be reasonably interpreted by the jury to mean the People did not have the burden of proving every element of the section 12022.7, subdivision (a) enhancement beyond a reasonable doubt. We disagree.

On the subject of the section 12022.7, subdivision (a) enhancement, the prosecutor advised the jury, "Great bodily injury means significant or substantial physical injury. It's an injury greater than minor or moderate harm." She continued, "And that enhancement goes to the fact that (Jane Doe) blacked out. And it's up to you to decide whether you think that is great bodily injury. [¶] Many different things can be great bodily injury. In this case, it's significant that (Jane Doe) blacked out, she actually lost consciousness. And not only that, you heard that she continued to have problems with this for a long period of time after that. You heard from the doctor that she told the doctor she was having headache pains, that her head was really bothering her, and it was still hurting her. [¶] So she had lasting effects from this injury. It was longer than just a fleeting moment. She blacked out, she came to, and she had pain and injury from that— that she told you about here. . . . [¶] So this count goes to the attack in the kitchen when the defendant hit her with a pot and knocked her down and she blacked out. Great bodily injury is the fact that she, in fact, lost consciousness, and that qualifies as great bodily injury."

Viewing the challenged portion of the argument as a whole and in its proper context (*People v. Cole* (2004) 33 Cal.4th 1158, 1203), it is clear the prosecutor was not claiming unconsciousness amounts to great bodily injury as a matter of law or that the jury was somehow relieved of finding all the necessary elements to support the enhancement. Rather, the prosecutor urged the jury to find that under the facts of this case, Doe's loss of consciousness, combined with her lingering headaches, was a significant or substantial injury. There is no reasonable likelihood the jury construed

5

these remarks in an objectionable fashion.  (See *People v. Thompson* (2010) 49 Cal.4th 79, 121.)

Our conclusion that the prosecutor did not misstate the law makes it unnecessary to consider appellant's claim his trial attorney was ineffective for failing to object to the argument on this ground.

C.    *Credits*

In his opening brief, appellant challenged the calculation of presentence credits by the trial court.  The trial court has already awarded the additional credits to which the People agree appellant is entitled and the issue is no longer before us.

### III.    DISPOSITION

The judgment is affirmed.

_____
NEEDHAM, J.

We concur.

_____
JONES, P.J.

_____
SIMONS, J.