[No. C014596. Third Dist. Aug. 26, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
DARRYL SHIRLEY, Defendant and Appellant.

42

**COUNSEL**

Gregory Lawrance, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Roger E. Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SPARKS, Acting P. J.**—In an earlier proceeding, defendant pled guilty to assault with a deadly weapon and admitted inflicting great bodily injury in the commission of that offense. (Pen. Code, §§ 245, subd. (a)(1), 12022.7.) The sentencing court in that prior case then struck the great bodily injury enhancement. The issue in this appeal is whether that striking prevented the trial court in this subsequent case from using the stricken enhancement for purposes of treating the earlier offense as a serious felony. We hold that it did not and that consequently defendant was properly sentenced under the serious felony statute. (Pen. Code, § 667, subd. (a).)

Charged with 11 felony counts in an amended information, defendant pled guilty to counts 5, 7 and 9 charging robbery (Pen. Code, § 211 [unspecified references are to the Penal Code]), to counts 2 and 10 charging assault with a deadly weapon and by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), and to count 11 charging a felon in possession of a firearm (§ 12021, subd. (a)). He pled no contest to counts 3 and 6 charging robbery (§ 211). He admitted the use of a firearm charged in counts 5, 7, 9 and 10 (§ 12022.5), the use of a knife charged in count 3 (§ 12022, subd. (b)), and the infliction of great bodily injury in counts 9 and 10 (§ 12022.7). The remaining three counts were dismissed.

Defendant was also charged with prior conviction of a serious felony within the meaning of section 667, subdivision (a). Defendant admitted suffering a previous conviction of assault with a deadly weapon (§ 245, subd. (a)(1)) subject to the condition that the trial court determine whether this constituted a serious felony at the time of sentencing. In the earlier case, defendant pled guilty to assault with a deadly weapon and admitted an enhancement allegation of great bodily injury (§ 12022.7). The court placed defendant on formal probation, which he violated eight months later. The court then revoked his probation and sentenced him to state prison for the assault, but struck the enhancement. The record before us does not reveal why the court in the previous case struck the enhancement.[1]

By the nature of defendant's plea in this case, he entered into a negotiated settlement which, depending on whether the previous offense was a serious

---

[1]In *People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P2d 833], the high court held that in sentencing a defendant who has previously been convicted of a "serious felony" within the meaning of section 667 the sentencing court retains the discretion to strike the prior conviction in the furtherance of justice under section 1385. In the view of the high court, neither section 667 nor section 28, subdivision (f), of article I of the California Constitution abrogated the trial court's well-established statutory authority under section 1385 to strike a prior conviction. In 1986, the Legislature amended section 1385 by adding a new subdivision (b) to read: "This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." (Stats. 1986, ch. 85, § 2, p. 211.) In enacting this amendment, the Legislature declared: "It is the intent of the Legislature to abrogate the holding in *People* v. *Fritz*, 40 Cal.3d 227, and to restrict the authority of the trial court to strike prior convictions of serious felonies when imposing an enhancement under Section 667 of the Penal Code." (Stats. 1986, ch. 85, § 3, p. 211.)

Although this new restriction may not constitutionally be applied to defendants who committed their crimes before the effective date of the amendment (*People* v. *Williams* (1987) 196 Cal.App.3d 1157, 1161 [242 Cal.Rptr. 421]), the defendant in this case committed his crimes in July and August of 1991. Nevertheless, this subdivision has no application here because the sentencing court did not strike the enhancement. Instead, the enhancement was stricken in the earlier proceeding when there was no prior serious felony to strike, only an enhancement under section 12022.7.

felony carrying an increased term of five years under section 667 or was simply a prior felony with a one-year additional term for serving a prison term under section 667.5, subdivision (b), would not exceed either twenty-one years eight months or seventeen years eight months. The trial court determined that the prior conviction constituted a serious felony and sentenced defendant to state prison for an aggregate term of 21 years 8 months. Defendant appeals from that determination.

## DISCUSSION

The sole ground urged on appeal is that the trial court erred in sentencing defendant to a five-year enhancement under section 667 for repeated violation of a serious felony because the enhancement allegation had been stricken in the prior case. He claims that the striking of the enhancement for great bodily injury effectively barred the trial court, in this case, from considering the prior felony a "serious" one. We disagree and shall affirm the judgment.

Section 667, subdivision (a), provides that "any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. . . ." The section compels a court to impose the enhancement for each prior serious felony separately brought and tried. (*People* v. *Gonzales* (1990) 220 Cal.App.3d 134, 142 [269 Cal.Rptr. 221].)

For purposes of determining whether a conviction is a serious felony, subdivision (d) of section 667 defines a "serious felony" by reference to the serious felonies listed in subdivision (c) of section 1192.7. Thus, to enhance a sentence under section 667, the test is not whether defendant has simply been convicted of a felony, but rather whether he has been convicted of one of the felonies listed in section 1192.7.

Subdivision (c)(8) of the section 1192.7 lists "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . . ." Subdivision (c)(23) of that section also lists "any felony in which the defendant personally used a dangerous or deadly weapon." The high court has held that assault with a deadly weapon constitutes a serious felony within the meaning of section 1192.7, subdivision (c)(23), where the prosecution properly pleads and proves that defendant personally used a deadly or dangerous weapon in the commission of the offense. (*People* v. *Equarte* (1986) 42 Cal.3d 456, 465 [229 Cal.Rptr. 116, 722 P.2d 890].) *Equarte* allows proof of a felony enhancement, such as section 12022,

subdivision (b), to satisfy the requirement that the prosecution establish defendant's personal use of a weapon. (42 Cal.3d at p. 465.) But without an enhancement or more specific pleading, assault with a deadly weapon under section 245, subdivision (a)(1), may not be considered a serious felony under section 1192.7, subdivision (c)(23).[2] (*People* v. *Williams* (1990) 222 Cal.App.3d 911, 914-915 [272 Cal.Rptr. 212].) As the *Williams* court explained, "[f]rom the language of the statute, it is evident that a section 245, subdivision (a)(1) conviction does not *necessarily* constitute a serious felony within section 1192.7, subdivision (c)(23). When the section 245, subdivision (a)(1), violation is based on an assault 'by means of force likely to produce great bodily injury' it does not come within section 1192.7, subdivision (c)(23). Similarly, a defendant may be guilty of section 245, subdivision (a)(1), by aiding and abetting another who commits an assault using a deadly weapon. In neither case would the conviction constitute a serious felony within section 1192.7, subdivision (c)(23), because the defendant would not have 'personally used a dangerous or deadly weapon' as that section requires. . . ." (*Williams, supra,* 222 Cal.App.3d at pp. 914-915, italics in original.) Thus, in this case, defendant's prior conviction of section 245 for aggravated assault, standing alone, does not constitute a serious felony under section 1192.7, subdivision (c)(23).

That leaves section 1192.7, subdivision (c)(8). Defendant's prior conviction would constitute a serious felony under this subdivision only if the enhancement under section 12022.7 for infliction of great bodily injury is included.[3] ▮▮▮ That brings us to question of whether the striking of the section 12022.7 enhancement in the earlier proceeding prevents its use as a serious felony component in this subsequent proceeding. We conclude that it does not.

Section 667, subdivision (a), predicates an increased sentence on a prior conviction. "[A]ny person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year

---

[2]Section 245, subdivision (a)(1), provides: "Every person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury is punishable by [specified punishment]."

[3]Section 12022.7 provides in relevant part: "Any person who, with the intent to inflict such injury, personally inflicts great bodily injury on any person other than an accomplice in the commission or attempted commission of a felony shall, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he has been convicted, be punished by an additional term of three years, unless infliction of great bodily injury is an element of the offense of which he is convicted." By admitting this enhancement in connection with his plea to aggravated assault, defendant admitted the commission of a serious felony under subdivision (c)(8) of section 1192.7 as a "felony in which defendant personally inflicts great bodily injury on any person, other than an accomplice . . . ."

enhancement for each such prior conviction on charges brought and tried separately." (*Ibid.*) An ambiguous term, "convicted" has been given several meanings. "As appears in the case law, the terms 'convicted' or 'conviction' do not have a uniform or unambiguous meaning in California. Sometimes they are used in a narrow sense signifying a verdict or guilty plea, some other times they are given a broader scope so as to include both the jury verdict (or guilty plea) *and* the judgment pronounced thereon." (*Boyll* v. *State Personnel Board* (1983) 146 Cal.App.3d 1070, 1073-1074 [194 Cal.Rptr. 717], italics in original.)

Here "convicted" must be given a meaning which comports with the purpose of section 667, which is aimed at deterring recidivism. In reference to section 667, the high court has stated: "The basic purpose of the section— the deterrence of recidivism—would be frustrated by a construction which did not take account of prior criminal conduct." (*People* v. *Jackson* (1985) 37 Cal.3d 826, 833 [210 Cal.Rptr. 623, 694 P.2d 736].)

The meaning of "convicted" under section 667 determines the effect of the plea of guilty and concomitant admission of the enhancement. "In this context, i.e. statutes which impose more severe penalties for second and subsequent criminal offenses, 'conviction' means the ascertainment of guilt, whether by plea or verdict." (*People* v. *Rhoads* (1990) 221 Cal.App.3d 56, 60-61 [270 Cal.Rptr. 266].) In the prior action, the court accepted the plea of guilt to assault with a deadly weapon, finding defendant did so voluntarily and with an understanding of the consequences. By the same token, the enhancement allegation, which is not a separate crime but serves to aggravate the principal offense, was admitted at the same time. The effect of the admission is the same as the plea of guilty for the purposes of collateral use to enhance subsequent, new crimes.

Convicted by his plea of guilty and his admission, defendant may not now be exonerated by sentencing considerations in subsequent proceedings. In *People* v. *Johnson* (1989) 210 Cal.App.3d 316 [258 Cal.Rptr. 347], the court concluded that the phrase "has been convicted" contained in section 667 did not require that a judgment be entered upon the verdict in the earlier proceeding. (*Id.* at p. 324.) There, the defendant was found guilty of first degree murder with special circumstances but escaped before he was sentenced. While at large he committed other serious felonies. On appeal, he contended that the prior serious felony allegation based upon the earlier murder conviction should be stricken because his sentence for that offense occurred after the commission of the present offenses. The *Johnson* court rejected his contention. Noting that no case had yet analyzed whether a defendant "has been convicted" within the meaning of section 667 if he has

not also received the pronouncement of judgment, the court noted that in other contexts the courts have ruled that the term "conviction" refers solely to the ascertainment of guilt and does not include the judgment. (210 Cal.App.3d at p. 324 [collecting cases].) ██ ██ Thus, the determination of guilt by a jury verdict or by plea of guilty suffices to convict for purposes of the serious felony statute. By a parity of reasoning, the admission of an enhancement made with full knowledge of the consequences also serves to determine the nature of the offense it modifies and in cases like this one constitutes the conviction of a serious felony.

The striking of the enhancement for sentencing purposes in the earlier case does not negate the conviction or enhancement nor change the nature of the original offense and its accompanying enhancement. "The striking or dismissal of a charge of prior conviction (regardless of whether it has or has not been admitted or established by the evidence) is not the equivalent of a determination that defendant did not in fact suffer the conviction. . . ; such judicial action is taken, in the words of defendant's counsel, 'for the purpose of sentencing' only and 'any dismissal of charges of prior convictions . . . does not wipe out such prior convictions or prevent them from being considered in connection with later convictions.' " (*People* v. *Burke* (1956) 47 Cal.2d 45, 51 [301 P.2d 241], citations omitted; see also *Agresti* v. *Department of Motor Vehicles* (1992) 5 Cal.App.4th 599, 604-606 [7 Cal.Rptr. 2d 353].) Though a court may strike an enhancement allegation in the interests of justice at sentencing when authorized to do so, the enhancement is not nullified by lenient acts of the sentencing court.

Moreover, even when the court imposes no sentence the validity of the prior conviction stands for purposes of enhancement statutes. "For purposes of a 'prior conviction' statute, defendant suffers such a conviction when he pleads guilty." (*People* v. *Balderas* (1985) 41 Cal.3d 144, 203 [222 Cal.Rptr. 184, 711 P.2d 480].)

Had defendant not violated his probation, his plea to the assault and admission of great bodily injury would have been considered a conviction of a serious felony for purposes of section 667. To hold that striking an admitted enhancement for sentencing purposes negates the seriousness of the felony for which defendant was convicted would lead an absurd result rewarding him for violation of his probation.

For all of these reasons, we hold that defendant had previously been convicted of a serious felony when he pled guilty to aggravated assault under section 245 and admitted the great bodily injury enhancement under section 12022.7 and that status was not changed for purposes of subsequent proceedings when the court struck the enhancment for sentencing purposes in the

earlier case. Accordingly, the trial court correctly imposed the five-year enhancement under section 667.

## DISPOSITION

The judgment is affirmed.

Sims, J., and Scotland, J., concurred.