[No. E016327. Fourth Dist., Div. Two. July 23, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER MILOSAVLJEVIC, Defendant and Appellant.

**COUNSEL**

Deborah Tuttleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Keith I. Motley and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RAMIREZ, P. J.**—A jury convicted Peter Milosavljevic of assault by means of force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(1)), during which he inflicted serious bodily injury (§ 12022.7). In bifurcated proceedings, Milosavljevic admitted suffering two prior convictions, and serving a prison term for the latter. (§§ 667, subd. (a), 667.5, subd. (b).) He was sentenced to prison for 13 years and appeals, contending the term for 1 of the prior conviction enhancements should be stricken because the evidence does not support it and his admission to it is insufficient to supplement the deficiency in the evidence. We reject his first contention, which renders it unnecessary to address his second, and affirm. The facts surrounding Milosavljevic's crime are irrelevant to this appeal.

### FACTS PERTAINING TO THE PRIOR CONVICTION

After Milosavljevic had been convicted by the jury of the charged assault, he waived jury trial on the allegations that he had been convicted in 1983 of "assault with a deadly weapon with infliction of great bodily injury . . ." and another offense in 1989, for which he served a prison term. The following colloquy occurred concerning the 1983 assault conviction:

"[Defense counsel]: . . . It is my understanding, your Honor, that there will be an admission to the fact that there were such convictions.

"The court: All right. Mr. Milosavljevic—

"[Milosavljevic]: Yeah.

"The court: . . . [Y]our attorney indicates to me that you are going to admit that you sustained the two prior convictions. Is that right? Is that your understanding?

"[Milosavljevic]: Yeah.

"The court: You want to do that?

"[Milosavljevic]: Yeah.

"The court: It is true then, sir, that on or about October 26th, 1983, in Riverside Superior Court, you were convicted of the crime of [section] 245(a)1, in that you sustained, on an allegation, a conviction, in violation of . . . [s]ection 12022.7? Do you admit that, sir?

---

[1] All further statutory references are to the Penal Code.

"[Milosavljevic]: Can I ask [defense counsel] what that means?

"The court: [Defense counsel], I think he wants to speak with you.

"(Brief pause in [the] proceedings.)

"[Milosavljevic]: Okay. Yeah.

"The court: Are you admitting those, that you suffered that conviction, sir?

"[Milosavljevic]: Yes.

". . . . . . . . . . . . . . . . . . . . . . . . . .

"The court: Okay. Thank you. Is there a stipulation that a factual basis exists for the admissions?

"[Defense counsel]: Yes.

"[The prosecutor]: Yes.

"The court: All right. And I should say, sir, I will accept the admissions in one minute. You are aware of your rights in this regard?

"[Milosavljevic]: Yes, I am.

"The court: Are you aware that you have all the rights that you had when we discussed your jury trial. The right to confront and cross-examine witnesses. You have a right to testify on your own behalf. You have previously waived your right to a jury trial. Do you understand those rights, sir?

"[Milosavljevic]: No, I don't.

"The court: Would you like to talk to your attorney?

"[Milosavljevic]: Yes.

"[The prosecutor]: Your Honor, just to speed things along, perhaps I can just lodge these with your clerk. These are the 969(b) packet[s] previously identified as People's 8 and 9.

"The court: Okay. [¶] All right. Mr. Milosavljevic, do you understand your rights?

"[Milosavljevic]: Yes.

"The court: Are you giving them up at this time to enter those admissions?

"[Milosavljevic]: Yeah.

"The court: Do you also understand that by entering the admission as to the first prior, that will add five years to any commitment to state prison, and by admitting the second prior that will be adding one year in the state prison, for a total of six additional years in the state prison for the priors?

"[Milosavljevic]: Yes.

"The court: The Court will enter the admission, finds that it's knowingly, intelligently and voluntarily made. [¶] Anything further on the priors? [¶] Do you want these filed with the Court or—

"[The prosecutor]: Yes. I'd ask, do you have these admitted as People's Exhibit[s] 8 and 9?

"The court: Any objection?

"[Defense counsel]: No.

"The court: All right. They will be admitted as those exhibits.

"[The prosecutor]: People rest.

"The court: That's fine. I take it there is nothing else for the defense on the issue of priors?

"[Defense counsel]: That's right.

"The court: Are we ready to proceed to sentencing?

"[Defense counsel]: Yes."

Milosavljevic's section 969, subdivision (b), packet for the 1983 assault contained a copy of the abstract of judgment which showed that, in connection with the assault, a section 12022.7 enhancement had been charged and found and the sentencing court had "stayed, not stricken" the term for that enhancement.

ISSUE AND DISCUSSION

In order for Milosavljevic's prior to justify the five-year enhancement term imposed under section 667, subdivision (a), he must have personally inflicted great bodily injury during the course of it. Milosavljevic

contends that because the court that sentenced him for the 1983 assault stayed the term for the serious bodily injury enhancement, it cannot now be used as a basis for the current section 667, subdivision (a), enhancement. We disagree.

In *People* v. *Shirley* (1993) 18 Cal.App.4th 40 [22 Cal.Rptr.2d 340], the Court of Appeal was confronted with the same issue, except that the original sentencing court there had *stricken*, not merely *stayed*, the term for the section 12022.7 enhancement. Rejecting the same contention Milosavljevic advances here, the court held:

"Section 667, subdivision (a), predicates an increased sentence on a prior conviction. '[A]ny person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately.' [Citation.] An ambiguous term, 'convicted' has been given several meanings. 'As appears in the case law, the terms "convicted" or "conviction" do not have a uniform or unambiguous meaning in California. Sometimes they are used in a narrow sense signifying a verdict or guilty plea, some other times they are given a broader scope so as to include both the jury verdict (or guilty plea) *and* the judgment pronounced thereon.' [Citation.]

"Here 'convicted' must be given a meaning which comports with the purpose of section 667, which is aimed at deterring recidivism. In reference to section 667, the high court has stated: 'The basic purpose of the section— the deterrence of recidivism—would be frustrated by a construction which did not take account of prior criminal conduct.' [Citation.]

"The meaning of 'convicted' under section 667 determines the effect of the plea of guilty and concomitant admission of the enhancement. 'In this context, i.e. statutes which impose more severe penalties for second and subsequent criminal offenses, "conviction" means the ascertainment of guilt, whether by plea or verdict.' [Citation.] In the prior action, the court accepted the plea of guilt to assault with a deadly weapon, finding defendant did so voluntarily and with an understanding of the consequences. By the same token, the enhancement allegation, which is not a separate crime but serves to aggravate the principal offense, was admitted at the same time. The effect of the admission is the same as the plea of guilty for the purposes of collateral use to enhance subsequent, new crimes.

"Convicted by his plea of guilty and his admission, defendant may not now be exonerated by sentencing considerations in subsequent proceedings.

In *People* v. *Johnson* (1989) 210 Cal.App.3d 316 . . . , the court concluded that the phrase 'has been convicted' contained in section 667 did not require that a judgment be entered upon the verdict in the earlier proceeding. [Citation.] There, the defendant was found guilty of first degree murder with special circumstances but escaped before he was sentenced. While at large he committed other serious felonies. On appeal, he contended that the prior serious felony allegation based upon the earlier murder conviction should be stricken because his sentence for that offense occurred after the commission of the present offenses. The *Johnson* court rejected his contention. Noting that no case had yet analyzed whether a defendant 'has been convicted' within the meaning of section 667 if he has not also received the pronouncement of judgment, the court noted that in other contexts the courts have ruled that the term 'conviction' refers solely to the ascertainment of guilt and does not include the judgment. [Citation.] Thus, the determination of guilt by a jury verdict or by plea of guilty suffices to convict for purposes of the serious felony statute. By a parity of reasoning, the admission of an enhancement made with full knowledge of the consequences also serves to determine the nature of the offense it modifies and in cases like this one constitutes the conviction of a serious felony.

"The striking of the enhancement for sentencing purposes in the earlier case does not negate the conviction or enhancement nor change the nature of the original offense and its accompanying enhancement. 'The striking or dismissal of a charge of prior conviction (regardless of whether it has or has not been admitted or established by the evidence) is not the equivalent of a determination that defendant did not in fact suffer the conviction . . . ; such judicial action is taken, in the words of defendant's counsel, "for the purpose of sentencing" only and "any dismissal of charges of prior convictions . . . does not wipe out such prior convictions or prevent them from being considered in connection with later convictions." ' [Citations.] Though a court may strike an enhancement allegation in the interests of justice at sentencing when authorized to do so, the enhancement is not nullified by lenient acts of the sentencing court.

"Moreover, even when the court imposes no sentence the validity of the prior conviction stands for purposes of enhancement statutes. 'For purposes of a "prior conviction" statute, defendant suffers such a conviction when he pleads guilty.' [Citation.]" (*People* v. *Shirley*, *supra*, 18 Cal.App.4th at pp. 45-47, italics in original.)

We agree with the *Shirley* analysis. Despite the original sentencing court's failure to impose a term for the section 12022.7 enhancement, the enhancement was still found to be true. As *Shirley* held, it would defeat the clear

purpose of recidivist statutes like section 667, subdivision (a), to permit what Milosavljevic himself concedes was an error by that court to work to his benefit.[2]

However, Milosavljevic contends that *People* v. *Pearson* (1986) 42 Cal.3d 351 [228 Cal.Rptr. 509, 721 P.2d 595] mandates a different result. We disagree.

In *Pearson*, the defendant had suffered two convictions each for two acts. The sentencing court stayed the terms for two of the four convictions to avoid the double punishment prohibition of section 654. The California Supreme Court commented that only two of the four convictions could later be used as recidivist enhancements, as to do otherwise would violate section 654.

Milosavljevic may speculate all he wants to about the reason the original sentencing court stayed the term for the serious bodily injury enhancement. However, the record before us does not even suggest it was done in order to avoid the double punishment prohibition contained in section 654. Thus, *Pearson* is completely inapplicable to this case.

Having decided that the section 969, subdivision (b), packet fully supports the enhancement, we need not address Milosavljevic's remaining contentions about the voluntariness of his admission that he suffered the prior conviction.

### DISPOSITION

The judgment is affirmed.

McKinster J., and Richli, J., concurred.

---

[2]We reject Milosavljevic's contention that the 1983 assault conviction and section 12022.7 finding were somehow rendered void because the original sentencing court lacked the authority to stay the term for the latter. Whatever errors occurred in sentencing as to the 1983 case, they did not detract from the fact that Milosavljevic suffered the conviction and a true finding under section 12022.7 was made against him.