Filed 5/18/16  P. v. Borjas CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TONY CASTANEDA BORJAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B263232<br>(Super. Ct. No. 2014023872)<br>(Ventura County) |

Tony Castaneda Borjas appeals a judgment and claims sentencing error.  In 2014, he was convicted of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)) with a jury finding that he inflicted great bodily injury.  (§ 12022.7, subd. (a).)  The trial court found he fell within the purview of the "Three Strikes" law and sentenced him to an aggregate term of 16 years.  Borjas had a prior 2010 felony conviction for inflicting corporal injury on a cohabitant (§ 273.5) with a great bodily injury enhancement (§ 12022.7, subd. (a)).  The court in the 2010 case struck the enhancement "in the interest of justice."

We conclude that the trial court did not err by finding that the 2010 prior conviction and enhancement constituted a prior serious felony strike conviction.  (§§ 667, subds. (a)(1), (b)-(i); 1170.12, subd. (a)-(d).)  We affirm.

_____

[1] All statutory references are to the Penal Code.

FACTS

In 2010, Borjas pled guilty to inflicting corporal injury to a cohabitant (§ 273.5, subd. (a)) and he admitted the truth of a great bodily injury enhancement for that offense (§ 12022.7). During sentencing, the trial court struck the enhancement. It said, "The Court does find based on the factual findings of the injuries that are not slighted or discounted but on the lower level side of injuries; therefore, the Court finds it is in the interest of justice to strike the great bodily injury allegation . . . therefore, imposing a total aggregate term of three years in the Department of Corrections."

On May 4, 2014, Borjas had an argument with Enrique Cordova. During the altercation, Borjas hit Cordova with "an aluminum bat." Cordova sustained multiple injuries and "was admitted to the emergency room" of a hospital "with facial trauma." He had a "hemorrhage and bruising over the left side of the lower jaw" and multiple nasal fractures. He had fractures inside his "eye socket."

Borjas was charged with assaulting Cordova with "a deadly weapon"--the baseball bat. After a jury trial, Borjas was convicted of assault with a deadly weapon (§ 245, subd. (a)(1)) (count 1), assault with force likely to cause great bodily injury (§245, subd. (a)(4)) (count 2), with a jury finding that he had inflicted great bodily injury (§ 12022.7, subd. (a)).

The People alleged that Borjas had a prior 2010 serious felony strike conviction under the Three Strikes law (§§ 667, subds. (a)(1), (b)-(i), 1170.12, subd. (a)-(d)) and that he served one prior prison term (§ 667.5, subd. (b)). Borjas waived a jury trial on the prior conviction and prior prison term allegations. The trial court found those allegations were true.

Before the trial court sentenced Borjas, his counsel argued that the court could not consider the 2010 conviction as a serious felony strike under the Three Strikes law. He noted that in that 2010 case the trial court struck the great bodily injury enhancement and consequently Borjas must be treated as if he "never suffered a conviction in the initial instance." The court disagreed.

2

At the sentencing hearing, the trial court imposed the upper term of four years on count 1 and doubled it to eight years pursuant to the Three Strikes law. It imposed a three-year consecutive sentence on the great bodily injury finding and a five-year consecutive sentence for Borjas's 2010 prior serious felony conviction. (§ 667, subd. (a)(1).) For count 2, the court imposed the upper term of four years, doubled it to eight years pursuant to the Three Strikes law, and then stayed it pursuant to section 654. It struck the prior prison term enhancement. Borjas's aggregate sentence was 16 years.

## DISCUSSION

### *Sentencing After an Enhancement is Stricken in a Prior Case*

Borjas and the People agree that his 2010 conviction for inflicting corporal injury on a cohabitant, by itself, is not a prior strike conviction. (*People v. Chaffer* (2003) 111 Cal.App.4th 1037, 1044.) But it becomes a serious and violent felony when coupled with a finding that Borjas inflicted great bodily injury on the victim during the offense. (§§ 667.5, subd. (c), 1192.7, subd. (c)(8), 12022.7, subd. (a); *People v. Shirley* (1993) 18 Cal.App.4th 40, 47.)

Borjas contends the trial court imposed an unauthorized sentence because it could not use his 2010 conviction "as a strike" because during the 2010 sentencing "the qualifying enhancement" was "stricken under Penal Code section 1385." We disagree.

"Penal Code section 1385, subdivision (a), authorizes a trial court to dismiss a criminal action 'in furtherance of justice' on its own motion." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504.)

When a court applies section 1385 to strike "prior felony conviction allegations" in the interest of justice, it "'"does not wipe out such prior convictions or prevent them from being considered in connection with later convictions."'" (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at p. 508; *People v. Burke* (1956) 47 Cal.2d 45, 51.) "[S]ection 1385 ameliorates the effect of the dismissed charge or allegation," but "the underlying facts remain available for the court to use." (*In re Varnell* (2003) 30 Cal.4th 1132, 1138.) The order striking the prior in the interests of justice at sentencing simply means "'defendant should not be required to undergo a

3

statutorily increased penalty which would follow from judicial determination of [the alleged] fact.'" (*Romero* at p. 508.)

Here the trial court in the 2010 case struck the enhancement. But "[t]he striking of the enhancement for sentencing purposes in the earlier case does not negate the conviction or enhancement nor change the nature of the original offense and its accompanying enhancement." (*People v. Shirley, supra,*18 Cal.App.4th at p. 47.) It "is not the equivalent of a determination that defendant did not in fact suffer the conviction . . . .'" (*Ibid.*) "Though a court may strike an enhancement allegation in the interests of justice at sentencing when authorized to do so, the enhancement is not nullified by lenient acts of the sentencing court." (*Ibid.*; see also *People v. Quinones* (2014) 228 Cal.App.4th 1040, 1044-1045 [striking the enhancement "does not preclude a later court from considering that enhancement" in sentencing or resentencing]; *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1527.)

In *People v. Shirley*, the trial court in a prior case had struck a great bodily injury enhancement for "sentencing purposes" after the defendant pled guilty to aggravated assault (§ 245) and had admitted that enhancement (§ 12022.7). (*People v. Shirley, supra*, 18 Cal.App.4th at pp. 47-48.) In a subsequent case, the court used that stricken enhancement in sentencing. The Court of Appeal affirmed. It held the court properly considered "the stricken enhancement for purposes of treating the earlier offense as a serious felony." (*Id.* at p. 42.) "Accordingly, the court correctly imposed the five-year enhancement under section 667." (*Id.* at p. 48.) That is what happened here.

Borjas cites *People v. Barro* (2001) 93 Cal.App.4th 62, 64, where the trial court said, "We hold that *dismissal* under section 1385 of the charge underlying a prior conviction which would otherwise qualify as a strike precludes the use of that prior conviction as a strike under the Three Strikes law." (Italics added.) But *Barro* is distinguishable. There the defendant and the People entered into a "plea agreement" which contained future compliance provisions approved by the court. (*Id.* at p. 65.) The People agreed that the defendant would admit a "strike allegation as to [a] mayhem prior, with the understanding that he would be allowed to seek appellate review on the issue of

4

whether the mayhem prior qualified as a strike." (*Id.* at p. 64.) The court said that if the defendant did not violate any laws, then "'at the successful completion of probation, . . . the People" would "dismiss count 2 [(mayhem)] . . . .'" (*Id.* at p. 65) The defendant relied on this agreement and complied. Consequently, six years later the court ruled "'count 2 (mayhem) is set aside, a plea of not guilty is entered and the matter is dismissed . . . .'" (*Id.* at p. 66.)

In *Barro* the defendant's six years of compliance with a court approved agreement required the setting aside of the mayhem charge and substituting a not guilty plea and *a dismissal*. This was the "equivalent of a determination that defendant did not in fact suffer the conviction." (*People v. Shirley*, *supra*, 18 Cal.App.4th at p. 47.) Moreover, the court in *Barro* indicated defendant's guilty plea to mayhem could be used in a subsequent case if that plea "remained extant, i.e., it was not vacated and the mayhem charge dismissed, because he failed to perform on probation successfully." (*People v. Barro, supra*, 93 Cal.App.4th at p. 67.)

By contrast, in the present case, the trial court in the 2010 case did not enter a not guilty plea followed by a dismissal. It did not promise a dismissal in exchange for the defendant's years of good performance on probation. It did not set aside the 2010 enhancement or apply section 1385 the way the *Barro* court did. It merely struck the enhancement at the sentencing hearing to arrive at a sentence which was more favorable to the defendant. (*People v. Superior Court (Romero), supra*, 13 Cal.4th at p. 508.) "[T]he enhancement is not nullified by lenient acts of the sentencing court." (*People v. Shirley*, *supra*, 18 Cal.App.4th at p. 47; see also *In re Varnell, supra*, 30 Cal.4th at p. 1138; *People v. Quinones, supra*, 228 Cal.App.4th at pp. 1044-1045; see also *In re Pacheco* (2007) 155 Cal.App.4th 1439 [Striking the punishment for a great bodily injury enhancement does not make the enhancement disappear. Defendant's custody credits were still limited.].)

Borjas suggests the trial court in his prior case found the enhancement was not factually supported. We disagree. It said, "The Court *does find based on the factual findings of the injuries that are not slighted or discounted* but on the lower level side of

injuries; therefore, the Court finds it is in the interest of justice to strike the great bodily injury allegation" and impose "a total aggregate term of three years in the Department of Corrections."  (Italics added)  Consequently, the court did not find the facts were insufficient for the enhancement.  It merely struck the enhancement to lower the aggregate term.  "'[U]nder the three strikes law, "when guilt is established, either by plea or verdict, the defendant stands convicted and thereafter has a prior conviction."'" (*People v. Laino* (2004) 32 Cal.4th 878, 896.)  Borjas has not shown error.

       The judgment is affirmed.

       <u>NOT TO BE PUBLISHED.</u>


               GILBERT, P. J.


We concur:


       YEGAN, J.


       PERREN, J.

6

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Miriam R. Arichea, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Noah P. Hill, Deputy Attorney General, for Plaintiff and Respondent.