Filed 10/22/20 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B300575 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA022581) |
| v. | |
| ANTWAN ALLISON, | ORDER MODIFYING OPINION (NO CHANGE IN JUDGMENT) |
| Defendant and Appellant. | |

THE COURT:

The opinion in the above-entitled matter filed on October 2, 2020, is modified as follows:

1.    On page 3, footnote 3 is added to the end of the following paragraph:  "The following account of the facts underlying Allison's conviction is taken from our opinion in his original appeal.  (*People v. Allison* (Jan. 31, 2000, B121801) [nonpub. opn.].)"

The language in that newly inserted footnote 3 is as follows:

[3] On August 5, 2020, respondent filed a request for judicial notice of the appellate record and unpublished opinion in case No. B121801.  The request is granted.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

2.      On pages 11–12, the language in footnote 7 is entirely deleted and replaced with the following language:

The optional language in CALCRIM No. 703 is as follows: "[When you decide whether the defendant acted with *reckless indifference to human life*, consider all the evidence. No one of the following factors is necessary, nor is any one of them necessarily enough, to determine whether the defendant acted with reckless indifference to human life. Among the factors you may consider are:

"[• Did the defendant know that [a] lethal weapon[s] would be present during the _____*<insert underlying felony>*?]

"[• Did the defendant know that [a] lethal weapon[s] (was/were) likely to be used?]

"[• Did the defendant know that [a] lethal weapon[s] (was/were) used?]

"[• Did the defendant know the number of weapons involved?]

"[• Was the defendant near the person(s) killed when the killing occurred?]

"[• Did the defendant have an opportunity to stop the killing or to help the victim(s)?]

"[• How long did the crime last?]

"[• Was the defendant aware of anything that would make a coparticipant likely to kill?]

"[• Did the defendant try to minimize the possibility of violence?]

"[• _____*<insert any other relevant factors>*]]

"[When you decide whether the defendant was a *major participant*, consider all the evidence. No one of these following factors is necessary, nor is any one of them necessarily enough, to determine whether the defendant was a major participant. Among the factors you may consider are:

"[• What was the defendant's role in planning the crime that led to the death[s]?]

"[• What was the defendant's role in supplying or using lethal weapons?]

2

"[• What did the defendant know about dangers posed by the crime, any weapons used, or past experience or conduct of the other participant[s]?]

"[• Was the defendant in a position to facilitate or to prevent the death?]

"[• Did the defendant's action or inaction play a role in the death?]

"[• What did the defendant do after lethal force was used?]

"[• _____*<insert any other relevant factors.>*]]"

3.    On page 14, the first paragraph is entirely deleted and replaced with the following paragraph:

We disagree. The Legislature could not and did not need to spell out every ground for denying a petition. For example, the Legislature did not specify that a defendant with a special circumstance finding for the administration of poison (§ 190.2, subd. (a)(19)) or for killing while the defendant was an active participant in a criminal street gang (§ 190.2, subd. (a)(22)) is ineligible for relief. But both of those special circumstances require that the defendant intentionally killed the victim (see § 190.2, subd. (a)(19) & (22)), and a court would be correct to summarily deny a petition in such a case because the defendant could not make a prima facie claim that he was entitled to relief. If these kinds of findings did not bar defendants from relief under section 1170.95, it would be unclear how any prior factual findings could preclude relief under section 1170.95. For these reasons, we conclude that the Legislature's silence regarding defendants with pre-*Banks* and *Clark* special circumstances does not imply that such defendants are eligible for resentencing under section 1170.95.

3

4.    At the bottom of page 16 through the top of page 17, the citation "*Verdugo*, supra, 44 Cal.App.5th 320, review granted March 18, 2020, S260493," is revised to be "*People v. Verdugo* (2020) 44 Cal.App.5th 320, review granted March 18, 2020, S260493," as a result of the modification to page 11.

5.    Due to the newly inserted footnote 3 on page 3 of the opinion, all subsequent footnotes throughout the opinion are renumbered.

These modifications do not constitute a change in the judgment.

_____

ROTHSCHILD, P. J.        CHANEY, J.        SINANIAN, J.*

---

4

Filed 10/2/20 (unmodified opinion)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTWAN ALLISON,<br><br>    Defendant and Appellant. | B300575<br><br>(Los Angeles County<br>Super. Ct. No. PA022581) |

APPEAL from an order of the Superior Court of Los Angeles County, Eric P. Harmon, Judge.  Affirmed.

_____

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This case presents the same question we addressed recently in *People v. Galvan* (2020) 52 Cal.App.5th 1134 (*Galvan*): whether a defendant convicted of murder with a felony-murder special circumstance (Pen. Code,[1] § 190.2, subd. (a)(17)) is eligible for resentencing under section 1170.95. Just as in *Galvan*, we answer that question in the negative, and accordingly, we affirm the trial court's denial of the defendant's petition for resentencing. We publish this opinion in order to respond to our colleagues in Division 5 of this court, who in *People v. York* (2020) 54 Cal.App.5th 250 (*York*) disagreed with our analysis in *Galvan*.[2]

In 1997, a jury convicted defendant and appellant Antwan Allison of murder on the basis of his participation in a home invasion robbery in which either Allison or a cohort shot and killed two victims. The jury, however, was deadlocked on the prosecution's allegation of felony-murder special circumstances (§ 190.2, subd. (a)(17)), which required the jury to find either that Allison was the actual killer, that he acted with the intent to kill, or that he was a major participant in the robbery who acted with reckless indifference to human life. To avoid a retrial of that issue and a possible sentence of life in prison without the possibility of parole, as part of a plea bargain, Allison admitted

---

[1] Subsequent statutory references are to the Penal Code.

[2] The opinion in *York* followed two other opinions by Division 5 applying similar reasoning on the same issue: *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011 (*Torres*), and *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835 (*Smith*). Although we respond to *York* in this opinion, we disagree with the reasoning in *Torres* and *Smith* as well.

the truth of the felony-murder special circumstances, and the court found there was a factual basis for the admission and accepted the plea.

In 2019, relying on recently enacted section 1170.95, Allison petitioned the trial court to vacate his murder conviction and resentence him. The court denied the petition because, based on the special circumstance finding, Allison could still be convicted of murder and therefore was ineligible for resentencing under section 1170.95.

Allison, however, contends that his 1997 special circumstance admission can no longer support a felony-murder conviction in light of our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified the meaning of "major participant" and "reckless indifference to human life." We disagree and affirm the trial court's order because section 1170.95 is not a vehicle for such a challenge. (See *Galvan, supra,* 52 Cal.App.5th at pp. 1141-1142.)

## FACTS AND PROCEEDINGS BELOW

The following account of the facts underlying Allison's conviction is taken from our opinion in his original appeal. (*People v. Allison* (Jan. 31, 2000, B121801) [nonpub. opn.].)

Allison's codefendant, Ricky Smith, was an acquaintance of 15-year-old Jonathan Landau (Jonathan)[3] and had visited the Landau residence several times. Smith and Allison agreed to a plan by which Smith would meet with Jonathan at the Landau home. After Jonathan's parents went to bed, Smith

___

[3] For clarity, we use the first names for the Landau family members, intending no disrespect.

3

would leave the front door unlocked, and Allison would enter and rob the residents. Smith would pretend to be a victim. Allison told police that the plan was Smith's idea, and that Smith provided Allison with a ski mask, gloves, and a gun.

The two defendants put their plan into action on the evening of January 2, 1996. Allison entered the house through the unlocked front door, gathered Jonathan and Jonathan's parents (Richard and Donna Landau) together in the hallway, struck Richard on the forehead with his gun, and ordered the Landaus to lie down on the floor. Allison ordered Smith to restrain the Landaus with tape. Smith placed tape over all three Landaus' eyes, and bound their hands.

The defendants also placed plastic bags over the Landaus' heads. Richard and Donna complained that it was difficult to breathe, at which point one of the defendants fired several gunshots, killing Richard and Donna and wounding Jonathan in the leg. Jonathan, whose eyes were covered by tape, could not see who fired the shots. Jonathan pretended to be dead and remained still until he was sure the defendants had left, at which point he called the police. The defendants stole jewelry, credit cards, checks, and Donna's checkbook.

Allison's first trial resulted in a hung jury. At the second trial, the jury convicted him of two counts of first degree murder (§§ 187, subd. (a), 189), one count of assault with a firearm (§ 245, subd. (a)(2)), one count of burglary (§ 459), and one count of robbery (§ 211). The jury could not reach a verdict as to whether felony-murder special circumstances applied to the murder counts. (See § 190.2, subd. (a)(17).) Rather than proceed to a third trial on the special circumstances, Allison agreed to a plea bargain, according to which he admitted the

4

special circumstances.[4]  In exchange, the prosecution agreed to request that the trial court exercise its discretion not to impose a sentence of life without parole.  The court imposed two consecutive terms of 25 years to life for the murders, plus an additional four-year consecutive sentence for assault with a firearm.  The court stayed its sentence on the robbery and burglary counts pursuant to section 654.

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), which, among other changes, amended section 188 to eliminate felony-murder liability in cases in which the defendant was not a major participant in the underlying felony or did not act with reckless indifference to human life.  (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247–248.)  The Legislature also enacted section 1170.95, which establishes a procedure for vacating murder convictions for defendants who could no longer be convicted of murder under the new law and resentencing such defendants.  (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

On January 21, 2019, Allison filed a petition for resentencing under section 1170.95 in which he declared that he had been convicted of murder under the felony-murder rule or the natural and probable consequences doctrine and that he could not now be convicted of murder because of the changes

---

[4] Allison admitted four felony-murder special circumstances:  one for robbery and one for burglary of each of the two murder victims.  (See § 190.2, subd. (a)(17)(A) & (G).)  Because all the special circumstances were based on the same conduct, they all required that Allison was a major participant in the home invasion and that he acted with reckless indifference to human life.

5

made to sections 188 and 189.  Upon receipt of the petition, the trial court appointed counsel to represent Allison.

The district attorney filed an opposition challenging the constitutionality of Senate Bill No. 1437, and a separate opposition arguing that Allison was ineligible for resentencing because he was a major participant in the underlying crimes and acted with reckless indifference to human life and therefore met the new criteria for felony murder.  Allison's counsel filed a reply brief arguing that Senate Bill No. 1437 was constitutional and that Allison had established a prima facie case for relief.

The trial court held a hearing, then issued a written order denying the petition on the ground that Allison had failed to make a prima facie case.  The court reasoned that, by admitting the special circumstances, Allison had admitted that at minimum he was a major participant in the underlying felony and acted with reckless indifference to human life.  The court concluded that the enactment of Senate Bill No. 1437 therefore did not allow Allison's conviction to be vacated.

Allison appealed, and we appointed counsel to represent him.  Counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues and asking this court to review the record independently.[5]  In cases like this one, where the defendant has no constitutional right to representation by counsel, we are not obligated to follow the procedures set out by *Wende* to review the record independently and determine whether any arguable issues exist.  (*People v. Cole* (2020)

---

[5] After counsel filed the *Wende* brief, we received a letter from Allison in which he stated that he realized that the change in the law did not apply to him, and requested that we dismiss the appeal.  That request is denied.

52 Cal.App.5th 1023, 1034.) Nevertheless, we have the discretion to review the record in the interests of justice. (See *People v. Flores* (2020) 54 Cal.App.5th 266, 273–274.) In this case, we exercised that discretion and requested that the parties brief the following issue: Whether the trial court properly relied on Allison's admission of felony-murder special circumstances (§ 190.2, subd. (a)(17)) as the sole basis for finding that he had not made a prima facie showing that he was entitled to relief.

## DISCUSSION

### A. *Background on Section 1170.95*

Section 1170.95 allows a defendant serving a sentence for felony murder who could not be convicted of murder because of the amendments to sections 188 and 189 contained in Senate Bill No. 1437 to petition for resentencing. The statute requires a defendant to submit a petition affirming that he or she: (1) was charged with murder in a manner "that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine" (§ 1170.95, subd. (a)(1)); (2) was "convicted of" or pleaded guilty to "first degree or second degree murder" (§ 1170.95, subd. (a)(2)); and (3) "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made" in Senate Bill No. 1437 (§ 1170.95, subd. (a)(3)). As described above, those changes eliminated the natural and probable consequences doctrine as a basis for murder liability, and added a requirement for felony murder that a defendant must have been at least a major participant in the underlying felony who acted with reckless indifference to human life.

7

Upon receipt of a facially sufficient petition, the trial court reviews the matter to determine whether the petitioner has made a prima facie showing that he or she "falls within the provisions" of the statute. (§ 1170.95, subd. (c).) If the petitioner meets this requirement, the court shall appoint counsel for the defendant upon request and allow for briefing. (*Ibid.*) "If the petitioner makes a prima facie showing that he or she is entitled to relief," the court issues an order to show cause and holds a hearing to determine whether to vacate the murder conviction. (§ 1170.95, subds. (c) & (d)(1).) In this case, the trial court denied the petition at the second stage of prima facie review under section 1170.95, subdivision (c), after appointing counsel to represent Allison.

### B. *A Defendant with a Felony-murder Special Circumstance Finding Is Ineligible for Resentencing Under Section 1170.95*

To be eligible for resentencing under section 1170.95, Allison must make a prima facie showing that he "*could not* be convicted of first or second degree murder because of changes to Section 188 or 189 made" in Senate Bill No. 1437. (§ 1170.95, subd. (a)(3), italics added.) Under the newly amended version of section 189, a defendant can be convicted of felony murder only if he: was the actual killer; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in first degree murder; or "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e)(3).) These are identical to the requirements of a felony-murder special circumstance now and in 1997 when Allison made his admission. (See § 190.2,

subds. (b)–(d); Prop. 196, as approved by voters, Gen. Elec. (Mar. 26, 1996) [amending § 190.2].)  Thus, the special-circumstance admission shows as a matter of law that Allison *could* still be convicted of felony murder even under the newly amended version of section 189, and prevents Allison from making a prima facie case that he is eligible for resentencing.

Allison attempts to avoid this conclusion by attacking the validity of the felony-murder special circumstances.  He notes that after his conviction of felony murder, the Supreme Court decided *Banks* and *Clark*, clarifying the interpretation of the concepts of major participation and reckless indifference to human life.  In *Banks*, the Court evaluated existing United States Supreme Court jurisprudence on the issue and set out a series of considerations relevant to determining whether a particular defendant was a major participant in the underlying felony.  (See *Banks*, *supra*, 61 Cal.4th at p. 803.)  The Court did the same in *Clark* with respect to whether the defendant acted with reckless indifference to human life.  (See *Clark*, *supra*, 63 Cal.4th at pp. 618–623.)  Because no court has examined whether there was a factual basis to conclude that Allison was a major participant who acted with reckless indifference to human life according to the standards enunciated in *Banks* and *Clark*, Allison argues that the special circumstance admission does not show as a matter of law that he is ineligible for resentencing under section 1170.95.  The court in *York* agreed with this argument and held that a defendant with a felony-murder special circumstance could be eligible for relief under section 1170.95.  (*York*, *supra*, 54 Cal.App.5th at pp. 257–258.)

9

We disagree, just as we did in *Galvan*.[6]  Allison's argument exaggerates the effect of *Banks* and *Clark*.  Those opinions did not change the law, but "merely clarified the 'major participant' and 'reckless indifference to human life' principles that existed when defendant's conviction became final."  (*In re Miller* (2017) 14 Cal.App.5th 960, 978.)  The phrases "major participant" and "reckless indifference to human life" do not have specialized definitions, but are interpreted as they are used in common parlance.  (See *Banks*, *supra*, 61 Cal.4th at pp. 800–801; *People v. Price* (2017) 8 Cal.App.5th 409, 450–451.)  Jury instructions regarding the mental state required for a felony-murder special circumstance are not defective if they do not include the *Banks* and *Clark* factors.  (*Id*. at p. 451.)  Indeed, the pattern jury instruction regarding major participation and reckless indifference remains the same as it was before *Banks* and *Clark*.

---

[6] In *Galvan* and other cases involving section 1170.95 challenges, the special circumstance findings were made by juries.  In this case, however, Allison admitted the truth of the special circumstances in a plea bargain.  Nevertheless, our reasoning in *Galvan* applies equally to this case.  In general, " ' "[a] guilty plea amounts to an admission of every element of the crime and is the equivalent of a conviction." ' "  (*People v. Mazumder* (2019) 34 Cal.App.5th 732, 741.)  By the same logic, the admission of an enhancement is equivalent to and has the same effect as a jury finding on the enhancement.  (See *People v. Shirley* (1993) 18 Cal.App.4th 40, 46–47.)  Section 1170.95 applies equally to defendants who were "convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial."  (§ 1170.95, subd. (a)(2).)  Thus, our analysis in *Galvan* regarding the availability of relief under section 1170.95 applies equally to Allison as to a defendant where the jury made the special circumstance finding.

10

(See CALCRIM No. 703; *People v. Gomez* (2020) 52 Cal.App.5th 1, 14, fn. 6 [setting forth CALCRIM No. 703 prior to *Banks* and *Clark*].)  The instruction currently includes *optional* language suggested by the *Banks* and *Clark* decisions, but even so, the inclusion of the optional language does not materially change the instruction.[7]  The bench notes to the instruction state that *Banks*

[7] The optional language in CALCRIM No. 703 is as follows: "[When you decide whether the defendant acted with *reckless indifference to human life*, consider all the evidence.  No one of the following factors is necessary, nor is any one of them necessarily enough, to determine whether the defendant acted with reckless indifference to human life.  Among the factors you may consider are:

[• Did the [defendant know that [a] lethal weapon[s] would be]* present during the <*insert underlying felony*>?]

[• Did the defendant know that [a] lethal weapon[s] would be present during the <*insert underlying felony*>?]

[• Did the defendant know that [a] lethal weapon[s] (was/were) likely to be used?]

[• Did the defendant know that [a] lethal weapon[s] (was/were) used?]

[• Did the defendant know the number of weapons involved?]

[• Was the defendant near the person(s) killed when the killing occurred?]

[• Did the defendant have an opportunity to stop the killing or to help the victim(s)?]

[• How long did the crime last?]

[• Was the defendant aware of anything that would make a coparticipant likely to kill?]

[• Did the defendant try to minimize the possibility of violence?]

"stopped short of holding that the court has a sua sponte duty to instruct on those factors," and *Clark* "did not hold that the court has a sua sponte duty to instruct on those factors." (Bench Notes to CALCRIM No. 703 (2020 ed.) p. 452; see *People v. Gomez* (2020) 52 Cal.App.5th 1, 14, fn. 6.)

Moreover, Allison had the same incentive at his original trial to attempt to minimize his involvement in the robbery

---

[• *<insert any other relevant factors>*]]
[When you decide whether the defendant was a *major participant*, consider all the evidence. No one of these following factors is necessary, nor is any one of them necessarily enough, to determine whether the defendant was a major participant. Among the factors you may consider are:
[• What was the defendant's role in planning the crime that led to the death[s]?]
[• What was the defendant's role in supplying or using lethal weapons?]
[• What did the defendant know about dangers posed by the crime, any weapons used, or past experience or conduct of the other participant[s]?]
[• Was the defendant in a position to facilitate or to prevent the death?]
[• Did the defendant's action or inaction play a role in the death?]
[• What did the defendant do after lethal force was used?]
[• *<insert any other relevant factors.>*]]"

---

**\*** We note that the language within the internal brackets in the first factor—"defendant know that [a] lethal weapon[s] would be"—is not included in the 2020 edition of CALCRIM and the omission appears to be a clerical error. The language included here appears in Westlaw's online version of the instruction.

and his culpability for the killings as he would have had if his trial had taken place after *Banks* and *Clark*. In short, there is no reason to believe that Allison's admission of the special circumstance after his original trial was any different in meaning or effect than it would have been if he had made it today. If defendants like Allison were able to petition for relief under section 1170.95, it would create a disparity by giving defendants with pre-*Banks* and *Clark* special-circumstance findings an opportunity to retry their cases, even as more recently convicted defendants are denied this opportunity.[8] (See *Galvan, supra*, 52 Cal.App.5th at pp. 1142-1143.)

The *York* court also stated that our opinion in *Galvan* was flawed for ignoring section 1170.95, subdivision (d)(2), which requires the trial court to grant relief "[i]f there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony." (§ 1170.95, subd. (d)(2).) Because there is no equivalent subdivision requiring the denial of relief where a court or jury previously found that the petitioner *did* act with reckless indifference to human life and was a major participant in the underlying felony, the court in *York* reasoned that we should infer that the Legislature meant to allow a defendant in that situation to pursue relief under section 1170.95. (*York, supra*, 54 Cal.App.5th at p. 260.)

---

[8] Although our holding in this case, like *Galvan*, is not contingent on the availability of habeas corpus relief, we note that a defendant whose special circumstance determination predated *Banks* and *Clark* may challenge the sufficiency of the evidence of the finding by means of a habeas corpus petition. (See *In re Scoggins* (2020) 9 Cal.5th 667, 673–674.)

We disagree. The Legislature could not and did not need to spell out every ground for denying a petition. For example, the Legislature did not specify that a defendant "who was found to have personally and intentionally discharged a firearm causing great bodily injury or death in a single victim homicide within the meaning of section 12022.53, subdivision (d)" is ineligible for relief, but a court would be correct to summarily deny a petition in such a case because the defendant could not make a prima facie claim that he was entitled to relief. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 330 (*Verdugo*), review granted Mar. 18, 2020, S260493.) The same is true with numerous other prior findings, such as "administration of poison" or "street gang" special circumstances, which require that the defendant killed the victim. (See § 190.2, subd. (a)(19) & (22).) If these kinds of findings did not bar defendants from relief under section 1170.95, it would be unclear how any prior factual findings could preclude relief under section 1170.95. For these reasons we conclude that the Legislature's silence regarding defendants with pre-*Banks* and *Clark* special circumstances does not imply that such defendants are eligible for resentencing under section 1170.95.

Allison's argument fails for another reason. To be eligible for resentencing under section 1170.95, a defendant must show that he "could not be convicted of first or second degree murder *because of changes* to Section 188 or 189 made" in Senate Bill No. 1437. (§ 1170.95, subd. (a)(3), italics added.) But Senate Bill No. 1437 alone does nothing to help defendants like Allison. Under the new law, to convict a defendant of felony murder, the prosecution must prove that the defendant at a minimum was a major participant in a felony and acted with reckless indifference to human life. But that is precisely what Allison

14

admitted as part of his plea bargain. He now claims that his special circumstance is no longer valid because of *Banks* and *Clark*, not "because of" anything in Senate Bill No. 1437. (§ 1170.95, subd. (a)(3); see *Galvan*, *supra*, 52 Cal.App.5th at p. 1142.)

The court in *York* disagreed with our analysis, explaining that "[w]hat permits a defendant convicted of felony-murder to challenge his or her murder conviction based on the contention that he or she was not a major participant in the underlying felony who acted with reckless indifference to human life, are the changes Senate Bill [No.] 1437 made to sections 188 and 189, and in particular the addition of section 189, subdivision (e)(3), not the rulings in *Banks* and *Clark*." (*York*, *supra*, 54 Cal.App.5th at p. 261.) At the same time, however, the *York* opinion included a footnote declining to express an opinion as to whether a prior finding that was *not* affected by an intervening change in the law (such as *Banks* and *Clark*) should be treated as preclusive in evaluating a section 1170.95 petition. (*York*, *supra*, at p. 258, fn. 5.)

We are not persuaded by *York* because, notwithstanding *York*'s cautious footnote, the consequence of *York*'s analysis is that no prior jury findings would ever preclude relief under section 1170.95. No matter how conclusively the prior findings establish the defendant's liability for murder under amended sections 188 and 189, the defendant would always be able to make the same argument endorsed in *York*: What permits the defendant to challenge his murder conviction based on the contention that the prior findings were wrong are the changes made to sections 188 and 189, and that is all that subdivision (a)(3) of section 1170.95 requires. Thus, even if

15

the jury found that the defendant was the actual killer or acted with intent to kill or otherwise acted with malice, relief under section 1170.95 might still be available—none of those findings was required for murder liability before Senate Bill No. 1437 (because a defendant who lacked malice and was not the actual killer could still have been convicted on a felony murder or natural and probable consequences theory).  As a result, the petitioner could contend, under *York*, that he or she was not the actual killer or did not act with malice and therefore could not be convicted of murder because of the changes Senate Bill No. 1437 made to sections 188 and 189.  Thus, every convicted murderer who could make a prima facie showing (whatever that might be) that the prior findings were factually incorrect would be entitled to a bench trial de novo on those findings.

We do not believe it is reasonable to interpret section 1170.95 as allowing for such challenges, namely, challenges based on attacks on prior factual findings.  Nothing in the language of section 1170.95 suggests it was intended to provide redress for allegedly erroneous prior fact-finding.  In particular, subdivision (a)(3) of section 1170.95 says nothing about erroneous prior findings or the possibility of proving contrary facts if given a second chance.  Rather, it requires that the petitioner could not be convicted of murder *because of the changes to sections 188 and 189*, not *because a prior fact finder got the facts wrong*.  The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.

For these reasons, we disagree with *York* and believe that *Verdugo, supra,* 44 Cal.App.5th 320, review granted March 18,

16

2020, S260493, correctly describes the role of prior factual findings in the analysis of a petition under section 1170.95. According to *Verdugo*, relief under section 1170.95 is barred if a prior finding shows the petitioner "was convicted on a ground that remains valid notwithstanding Senate Bill No. 1437's amendments to sections 188 and 189." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 330.)  *Verdugo*'s interpretation is faithful to the language of subdivision (a)(3) of section 1170.95:  If the prior finding shows the petitioner meets the requirements for murder liability under amended sections 188 and 189, then it is not true that the petitioner could not be convicted of murder *because of the changes to sections 188 and 189*, and the petition must be denied.

## DISPOSITION

The trial court's order is affirmed.
<u>CERTIFIED FOR PUBLICATION.</u>

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

SINANIAN, J.*

---

**\*** Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

17